# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

AUGUSTUS KIRBY BARNUM and Others v. RUFUS C. JEFFERSON and Others.[1]

July 23, 1909.

Nos. 16,225—(162).

**Trust — Evidence Sufficient to Support Decision.**

Action to charge the defendant J. as the trustee of the real estate described in the complaint and for an accounting. The court's findings of fact and conclusion of law were in favor of the defendants. *Held*, that the facts found were sustained by the evidence, and that they sustain the conclusion of law.

Action in the district court for Ramsey county against Rufus C. Jefferson and his wife, and Enos H. Hoard and his wife, for an accounting concerning advances and expenses pursuant to an alleged agreement between the plaintiff Barnum and defendant Jefferson, and of all sales of the lands specified in that agreement and moneys and securities received therefrom, and to restrain defendants from selling any of the property not already sold. The case was tried be-

[1]Reported in 122 N. W. 453.

109 M.—1

fore Brill, J., who found that plaintiffs were not entitled to any relief. From a judgment entered pursuant to the findings, they appealed. Affirmed.

*John F. Fitzpatrick* and *Fred M. Catlin,* for appellants.

*John E. Stryker* and *P. J. McLaughlin,* for respondents.

START, C. J.

Appeal by the plaintiffs from a judgment of the district court of the county of Ramsey against them and in favor of the defendants in an action to charge the defendant Jefferson as trustee of the real estate described in the complaint, and for an accounting. The here material allegations of the complaint, briefly stated, are to the effect that in August, 1899, the plaintiff Barnum and the defendant Jefferson entered into a contract whereby it was mutually agreed that Jefferson should advance all money, not exceeding $20,000, which might be required to pay and discharge all mortgage, judgment, and tax liens on the land in question, in which the plaintiffs then had an interest, subject to such liens; that the legal title thereto should be vested in Jefferson to secure him for such advances, the land to be reconveyed to the plaintiffs, respectively, when such advances were paid in full; and, further, that the legal title to the land was so vested in Jefferson, and that he has received from the proceeds of the sale of a portion thereof more than enough to repay him in full.

The answer denied the making of the alleged contract, and averred that the defendants were and had been the owners in fee of the real estate described in the complaint ever since October 2, 1901, and in the open possession thereof, claiming to be the absolute owners thereof to the knowledge of the plaintiffs, who never, until the commencement of this action (April 9, 1908), claimed that they or either of them had any interest therein.

The trial court found that the alleged contract was never made; that the defendants became the owners of the land in 1901, and have ever since been the absolute owners in fee simple thereof; that neither of the plaintiffs has any right or title thereto; and, further, that the defendants have, since they so acquired the land, been in the actual

possession and control, to the knowledge of the plaintiffs, neither of whom, since 1901, until shortly before the commencement of this action, made any claim or demand upon the defendants in respect thereto.

The only question raised by the assignments of error is whether the findings of fact stated are supported by the evidence. The trial court found that, other than expressly stated, "the allegations of the pleadings are not established to the satisfaction of the court and are found to be not true." Counsel for plaintiffs suggests that: "Upon such a finding, none of the collateral facts and circumstances can be presumed one way or the other, and the matter comes before this court practically as a suit in equity upon original jurisdiction." There was no special finding that the alleged contract was or was not made, but the general finding we have quoted is the equivalent of a special finding that the alleged contract was never made. Fidelity & Casualty Co. of New York v. Crays, 76 Minn. 450, 79 N. W. 531. This appeal, then, is to be considered and determined in this court as other appeals are which involve only questions of fact.

The question is whether there was any evidence reasonably tending to support the findings of the trial court. The evidence is voluminous, consisting of more than five hundred fifty pages of the printed record, and this is a proper case for the application of the rule that it is not the duty of an appellate court to demonstrate by a review of the evidence the correctness of the findings of fact by the trial court. Carver v. Bagley, 79 Minn. 114, 81 N. W. 757. We have, however, given to the evidence mature consideration, aided by the careful and comprehensive briefs of respective counsel, and have reached the conclusion that the findings of fact of the trial court are fairly sustained by the evidence within the rule applicable to cases of this kind. We accordingly hold that the findings are sustained by the evidence and that they support the conclusions of law of the trial court and the judgment.

Judgment affirmed.

JAGGARD, J. (dissenting).

I respectfully dissent. The pleadings, the testimony of defendant

Rufus C. Jefferson, and the admitted facts appear to me to necessitate reversal.