## W. S. TELFORD v. CHARLES McGILLIS.[1]

### July 16, 1915.

### Nos. 19,362, 19,363—(236, 237).

**Expiration of redemption — notice defective.**

1. A notice of expiration of redemption from a tax sale, which imposes upon the redemptioner the burden of determining which of two amounts stated therein as necessary to redeem is correct, does not comply with the statutes upon the subject and is insufficient.

**Same — requisites of notice.**

2. The notice in this respect must be definite and specific and free from doubt and uncertainty.

**Judgment — conclusiveness.**

3. A judgment in an action to determine the title to real property is conclusive of the rights of all parties to the action and those in privity with them, and includes all rights or interests in the property which were or could have been litigated therein.

[1] Reported in 153 N. W. 758.

**Estoppel by judgment.**

4. Intervener in this action claiming certain rights and interests in the land in controversy conveyed the same to a third person to enable such third person to perfect the title; such third person thereupon brought an action to quiet title to the land, making defendants Stubler, under whom intervener now claims, parties defendant; judgment was rendered to the effect that defendants were the owners of the land, free and clear of all claims on the part of plaintiff in the action, who was prosecuting the same in the interests of intervener. It is *held* that the judgment forever barred and extinguished all rights intervener may have had in or to the land, including the right to terminate the Stubler title by redemption as their mortgagor.

Action in the district court for St. Louis county to determine adverse claims to an undivided interest in certain vacant and unoccupied land. Charles McGillis intervened and filed a complaint in intervention. The case was tried before Fesler, J., who made amended findings and ordered judgment that plaintiff was the owner in fee of an undivided $\frac{8}{12}$ of the land described and that defendant Amelia Stubler was the owner in fee of an undivided $\frac{1}{12}$ and defendant Jacob Stubler was the owner in fee of an undivided $\frac{1}{12}$. From an order denying his motion for judgment notwithstanding the findings or for a new trial, intervener appealed. From an order denying his motion for a new trial, plaintiff appealed. Affirmed on both appeals.

*T. J. Davis* and *E. L. Kimball,* for plaintiff.

*William P. Harrison,* for defendants Stubler.

*John Heitmann, F. E. McGray* and *W. B. Douglas,* for intervener.

BROWN, C. J.

Action to determine adverse claims to certain real property situated in St. Louis county. The land is owned by several persons in undivided interests, and the case in this court resolves itself into two separate controversies, namely, (1) between plaintiff, and the defendants Stubler and the intervener, who join in contesting the validity of plaintiff's title to a part of the land; and (2) between defendants Stubler and intervener, as to a part of the land not owned by plaintiff. Plaintiff claimed to own an undivided nine-twelfths of the land, but the court awarded to him title to eight-twelfths only, the remaining

one-twelfth claimed by him being awarded to one of the Stublers. As against the Stublers the intervener claims the right to extinguish their title by redemption as mortgagor. The trial court held that the intervener had no claim to this property, or right to redeem for the Stublers, and he appealed from an order denying his alternative motion for judgment or for a new trial. Plaintiff also appealed from an order denying a new trial of the issue involving the one-twelfth interest awarded to the Stublers.

· 1. Plaintiff's claim of ownership of the particular one-twelfth interest was founded upon a tax title, the validity of which was challenged by defendants Stubler and the intervener. The question whether it is valid depends wholly upon the sufficiency or insufficiency of the notice of expiration of redemption. If the notice is sufficient under the statutes the title is valid; if insufficient, and not in compliance with the statutes, the title is invalid and the trial court properly adjudged title in the Stublers.

. The tax sale under which plaintiff claims took place on May 14, 1906, and the interest in question was duly struck off to the state, and in July, 1907, assigned to one Davis, who subsequently conveyed to plaintiff. Before so conveying to plaintiff Davis caused a notice of expiration of redemption to be given, the sufficiency of which is here in question.

The contention was made on the argument, as well as in the briefs, that section 47, chapter 2, p. 26, Laws 1902, applied to the case, and that the notice of redemption should have been in compliance with the form therein prescribed. This claim is founded upon the theory that section 956, R. L. 1905, never became operative because superseded by chapter 270, p. 406, Laws 1905, the effect of which, it is claimed, was to revive chapter 2, p. 26, Laws 1902, and, under section 5504, R. L. 1905, must be construed as amendatory of section 956. We refer to the question, but do not stop to consider it, for we find, and so hold, that the notice of redemption here in question does not comply with either statute.

This notice, so far as material, is as follows:

"That the amount required to redeem said parcel, exclusive of the costs to accrue upon this notice, is the sum of fifty-nine cents and

interest as provided by law to the day such redemption is made, and all delinquent taxes, penalties, costs and interest accruing subsequently to said assignment. That said delinquent taxes, penalties and costs for the year 1907 accruing subsequent to said assignment, amounted to the sum of $297.26 on May 10th, 1909, and bears interest at the rate of twelve per cent per annum from said May 10th, 1909, to the day such redemption is made. That said amount required to redeem calculated to the date of this notice is the sum of $319.22 * * * and the time for redemption of said parcel will expire sixty days after the service of this notice. * * *"

The statutes, both the act of 1902, and section 956, R. L. 1905, require the notice of expiration to state the amount required to redeem, and the notice in this, as well as all other respects, must conform strictly to the form and contents as there prescribed. Such notices have uniformly been construed with exactness, and errors therein held fatal, which in any other proceeding would be regarded as of no importance. Kipp v. Robinson, 75 Minn. 1, 77 N. W. 414; Merrill v. Dearing, 32 Minn. 479, 21 N. W. 721; Lawton v. Parker, 105 Minn. 102, 117 N. W. 249; Johnson v. Fraser, 112 Minn. 126, 127 N. W. 474, 128 N. W. 676; Shine v. Olson, 110 Minn. 44, 124 N. W. 452, 19 Ann. Cas. 962; DeLaurier v. Stilson, 121 Minn. 339, 141 N. W. 293. It is unnecessary to state in the notice the amount required to redeem at the date thereof, though under Midland Co. v. Eby, 89 Minn. 27, 93 N. W. 707, it is proper to do so, provided there be no uncertainty, and the amount stated is left free from doubt. The statute does not require such statement, all that it requires is that the amount necessary to redeem be stated therein. This is found in the amount of the sale, together with subsequent taxes, penalties and costs, with interest. When these two amounts are stated, with the date from which to compute the interest, there is a full compliance with the statute. But when such amounts are properly stated and are followed, as in the notice here before us, with the statement "that the amount required to redeem calculated to the date of this notice" is a certain sum of money, which does not correspond with the specific items given, doubt appears affirmatively as to such amount, and the notice does not serve

the purpose intended by the law, and is not a compliance therewith. The notice in this respect must be definite and specific, and a notice which imposes upon the redemptioner the burden of solving a doubt created by a statement of different amounts as necessary to redeem does not answer the requirements of the statute, and is insufficient. The notice here before us is wholly unlike that held sufficient in Fortier v. Parry, 128 Minn. 235, 150 N. W. 803. The notice involved in that case left no doubt or uncertainty as to the amount necessary to redeem. We therefore hold that the notice in this case was, for the reasons stated, insufficient.

This disposes of the case as between plaintiff and defendants Stubler and the intervener, who joined in contesting the validity of plaintiff's tax title, and brings us to the issues between the Stublers and the intervener.

2. The facts, upon this branch of the case, as found by the trial court, are substantially as follows:

Intervener was the patentee of this land, having acquired his patent many years ago. In March, 1892, he conveyed the same and the whole thereof to the Pennsylvania Iron & Steel Co., a Minnesota corporation, and received therefor the entire consideration agreed to be paid except certain stock in the corporation and the sum of $500. The taxes against the land remained unpaid for several years, and at a forfeited tax sale held in June, 1899, the land was exposed for sale for the delinquent taxes for the years 1892 to 1895, inclusive, and the same was sold to intervener, as the highest bidder, for the sum of $7.25. Intervener was without funds and was unable to pay the amount of his bid, and to enable him to do so he borrowed of defendant Jacob Stubler the sum of $8.25. In making this loan Stubler was acting as the agent of his wife, defendant Amelia Stubler. To secure the repayment of this loan, intervener caused the tax sale certificate to be issued in the name of Mrs. Stubler, and it was so issued and subsequently recorded in the office of the register of deeds. A like certificate of sale was also issued to intervener and he caused this also to be recorded in the office of the register of deeds. The issuance of two certificates of the same sale was probably an error on the part of the county auditor, but the fact remains that

130 M.—26.

they were issued and both recorded as evidence of the title and rights of the respective holders thereof. At this point the trial court expressly found that, for a long time prior to said tax sale, intervener had no interest, legal or equitable, in or to the land. Intervener insists that this finding was error for the reason that, since intervener had not been paid the full purchase price of the land by the Pennsylvania Co., he retained a vendor's lien which he had the right to protect either by the payment of the taxes, or to mortgage to the Stublers to obtain money for that purpose. But, as we view the pivotal question in the case, this particular controversy is not important, and we proceed with the facts.

Long after intervener had procured the issuance and record of the tax sale certificates on November 17, 1899, he conveyed the land by warranty deed to one Macdonnell, and the deed was duly recorded on November 27, 1899. Intervener never acquired any interest in the land subsequent to this conveyance, which, as found by the trial court, was made by him as a means of giving to Macdonnell authority to perfect title to the land. Thereafter, in December, 1899, Macdonnell commenced an action in the district court of St. Louis county against defendant Amelia Stubler, holder of the tax certificate issued to her as heretofore stated, to determine the title to the land. Mrs. Stubler had no claim or interest in or to the land except under this tax certificate, which covered the entire tract, and the sole purpose of the action was to secure an adjudication of its invalidity; the complaint in the action prayed that such certificate be cancelled and set aside. Such proceedings were thereafter had in the action that judgment was rendered therein that plaintiff, Macdonnell, had no right or title to the land, and that Mrs. Stubler was the owner thereof free and clear of all claims of said Macdonnell; the basis of the decision being, as we understand the record, that the tax certificate was valid and vested in Mrs. Stubler title to the land in fee simple. Intervener was present at the trial of that action and testified therein as a witness. Macdonnell had no knowledge of the transaction by which the land was so conveyed to him, or the purpose or effect of the action to determine title to the same, did not participate therein except by permitting the use of his name, all of

which, the conveyance of the land and the action to quiet title thereto, was procured and conducted, as found by the trial court, by and in the interests and for the benefit of parties unknown to the court; and of which latter fact no explanation appears to have been made on the trial below. The judgment has at all times since remained in full force and effect. The trial of the action seems to have been concluded by a stipulation and agreement that judgment be entered in favor of Mrs. Stubler, and upon the agreement that the land should subsequently be conveyed to a third person. Pursuant to this agreement the Stublers, the Pennsylvania Co. and Macdonnell conveyed the land, and all their interests therein to one Hicks, and on April 9, 1900, Hicks, in further compliance with the agreement, conveyed to the Pennsylvania Co. an undivided one-third of the land and to Mrs. Stubler an undivided one-third. By subsequent conveyances defendant Jacob Stubler and Mrs. Stubler each became vested with an undivided one-twelfth, which represents the interests now in controversy between the Stublers and intervener. The only title the Stublers have to the land is that acquired in this manner.

At this point in the history of the title, matters seem to have rested for about 10 years, when in December, 1910, intervener tendered to the Stublers the sum of $8.25, with interest, the amount he claims to have borrowed from them for the purpose of acquiring the tax certificate in June, 1899, and demanded a conveyance of the two-twelfths interest in the land then held by them. This they refused. Intervener is uneducated and unaccustomed to business methods, for many years of limited means, and for a time subsequent to the events related incapacitated, to what extent or what length of time does not appear. After making the tender referred to, intervener consulted several lawyers in reference to his claim of interest in the land, all of whom declined to handle the matter for him, but for what reason does not appear. So far as the record discloses intervener made no claim to an interest in the land subsequent to the Macdonnell action, as a mortgagor of the Stublers or otherwise, until 10 years later, when he made the tender just referred to, and the trial court found that he had no interest in the land in fact.

The evidence is not returned, and the only question presented by

the assignments of error is whether the conclusions of law are supported by the findings of fact. In our opinion the question must be answered in the affirmative.

It may be conceded for present purposes that, under the facts found, intervener at the time he borrowed the money from the Stublers to make payment for the tax certificate had a vendor's lien upon the land, as against his grantee, the Pennsylvania Co. and that it was such an interest as was capable of being mortgaged to the Stublers to secure the repayment of such loan. We do not consider the question, for we deem it unnecessary. That fact in no way relieves or helps intervener. By his conveyance to Macdonnell he parted with that interest, and it has never been reconveyed to him. It is not important that intervener did not understand the purport or effect of the warranty deed, for he did understand that he was thereby vesting Macdonnell with authority to perfect title to the land and to sell the same. In view of this situation it is clear that intervener is forever estopped and barred from repudiating the force and effect of that judgment. It was procured in an action authorized by him, for he concedes that the conveyance was made to enable Macdonnell to perfect title to the land, and he not only knew that an action for that purpose had been brought, but participated therein in an effort to procure an adjudication that the Stubler title under which he now claims as mortgagor was invalid. It does not matter that intervener was not a formal party to the action. It was brought in the name of his representative, and this concludes him. Parsons v. Urie, 104 Md. 238, 64 Atl. 927, 8 L.R.A.(N.S.) 559, 10 Ann. Cas. 278; Rowell v. Smith, 123 Wis. 510, 102 N. W. 1, 3 Ann. Cas. 773. Of course the mere fact that intervener was a witness on the trial of the action would not alone be sufficient to bar him of his rights (Schroeder v. Lahrman, 26 Minn. 87, 1 N. W. 801); but that fact coupled with the further fact that the action was in his interest and for his benefit, and that he was present and participated in the trial, brings the case within the rule of estoppel by judgment as applied by the courts generally. Neither is it material that the contention here made, namely, that the Stublers hold title to the property as mortgagors of intervener, does not affirmatively appear to have been pre-

sented in that action. It could have been presented therein and therefore comes within the bar of the judgment. White v. Hewitt, 119 Minn. 340, 138 N. W. 421; 2 Dunnell, Minn. Dig. § 5163, and cases there cited. In fact such claim, aside from the contention of intervener that he had a vendor's lien against the land, would seem from the record the only interest or claim which he held or could transfer by the Macdonnell deed. The Stublers presented the tax certificate as evidence of their title to the land. If such title was not absolute, but as between intervener and the Stublers defeasible, and subject to defeat by redemption, the facts should have been presented in the Macdonnell action, and whether presented or not, such rights are included in the adjudication that the Stublers owned the land in fee simple free from claims on the part of Macdonnell.

In addition to what we have heretofore stated the trial court found that Macdonnell was not an interested party in the action, was a nominal plaintiff only, and that the action was prosecuted to judgment in the interests of parties unknown to the court. This indicates that the title to the land was under process of some sort of manipulation by unknown persons, but the findings as a whole disclose without dispute that intervener was one of those parties. By his deed to Macdonnell he furnished the foundation for the action, and cannot now be heard to contend against the force and effect of the judgment.

The orders appealed from are affirmed.