## H. C. EDER v. C. L. FINK.[1]

### December 24, 1920.

### No. 22,028.

**Bills and notes — reformation of indorsement — res judicata.**

> A final judgment in a former action between the same parties is conclusive as to every matter which might have been properly litigated in that action and is a bar to a subsequent action, although, in form and in the remedy sought, the two actions are different. Upon the facts stated in the opinion, a judgment in defendant's favor in an action brought to charge him as an indorser on an instrument alleged to have been negotiable, is a bar to a subsequent action between the same parties for a reformation of defendant's indorsement of the instrument.

Action in the district court for Faribault county for reformation of an instrument and to recover $3,000. The facts are stated in the opinion. Defendant's motion for judgment on the pleadings was granted. Dean, J. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Edward E. Eder,* for appellant.

*Henry A. Morgan,* for respondent.

LEES, C.

This is an appeal from a judgment entered on an order granting defendant's motion for judgment on the pleadings. The admitted facts, according to the pleadings, are in substance as follows:

On December 31, 1909, one Joice signed a written instrument in which he promised to pay $3,000 to the defendant or order at a bank at Lake Mills, Iowa, on or before July 1, 1910, with interest at 5 per cent. The instrument provided that if such payment was not made Joice should become liable for interest at 8 per cent, and that, if suit was brought upon it, a reasonable amount should be allowed for attorney's fees and included in the costs taxed in the case. On January 10, 1910, defendant indorsed it in blank and delivered it to plaintiff. Joice failed to

[1]Reported in 180 N. W. 542.

make payment, and on November 7, 1910, plaintiff sued on the indorsement. The action was brought in the district court of Faribault county. The complaint set out the instrument verbatim, designating it as a promissory note, and alleged that defendant was liable as an indorser before maturity and for a valuable consideration. It then pleaded the laws of Iowa relating to commercial paper, and alleged that the instrument was negotiable under such laws. Defendant answered, alleging that the instrument was made and signed at Bricelyn, Minnesota, although on its face it appeared to have been made at Lake Mills, Iowa; that on January 10, 1910, at Bricelyn, it was transferred to plaintiff in part payment for a stock of merchandise located at that place, which plaintiff then sold to defendant; that plaintiff had received and accepted it as the equivalent of $3,000 in cash, under an express agreement that defendant should not be liable on the paper, but that plaintiff would look only to Joice for payment, and that defendant wrote his name on the back of the instrument for the sole purpose of transferring it pursuant to such agreement. The case was tried without a jury by Mr. Justice Quinn, then district judge of the Seventeenth judicial district, and findings were made as follows: That the instrument was executed at Bricelyn where defendant resided; that Joice was president of the First National Bank of Bricelyn; that plaintiff owned a stock of goods at that place and was acquainted with Joice; that on January 10, 1910, he sold the goods to defendant and accepted the instrument as part payment; that it represented a transaction in Minnesota and was not an Iowa but a Minnesota contract; that it was not a negotiable promissory note under the laws of Minnesota, and that defendant's indorsement operated only as an assignment and that he was not liable to plaintiff. Judgment was entered on these findings September 4, 1914. There was no appeal.

In March, 1916, the present action was begun. The complaint alleged that when defendant indorsed the paper it was agreed that he should be bound as an indorser of a negotiable promissory note under the laws of Minnesota; that he agreed that he would guarantee payment, and that the parties mutually and mistakenly believed that the instrument was negotiable and that defendant's indorsement in blank

rendered him liable the same as though he had written above his signature the words: "Payment of the within instrument at maturity warranted and guaranteed;" that the omission of these words was due to a mutual mistake, and that there should be a reformation of defendant's indorsement by placing them above his signature.

The answer denied the alleged agreement, denied that there was a mistake, and pleaded the judgment in the former action as a bar. The reply admitted that such a judgment had been rendered and entered.

The sole question to be decided is whether plaintiff is concluded by the judgment in the former action from asserting the cause of action now pleaded. Under the settled law of this state, that judgment concluded plaintiff not only as to everything he offered to sustain his demand, but also as to everything he might have offered properly for that purpose. In other words, it was conclusive as to every matter he might have litigated, whether it was actually litigated or not. 2 Dunnell, Minn. Dig. § 5163; White v. Hewitt, 119 Minn. 340, 138 N. W. 421; Kinzel v. Boston & Duluth F. L. Co. 124 Minn. 416, 145 N. W. 124; Telford v. McGillis, 130 Minn. 397, 153 N. W. 758, Ann. Cas. 1916E, 157. See also Cromwell v. County of Sac, 94 U. S. 351, 24 L. ed. 95; Harrison v. Remington Paper Co. 140 Fed. 385, 72 C. C. A. 405, 3 L.R.A.(N.S.) 954, 5 Ann. Cas. 314; Reinkey v. Wilkins, 172 Wis. 515, 179 N. W. 751. The fact that the form of the present action is different and that a different remedy is sought is not alone sufficient to prevent the application of the doctrine of res judicata. Hardin v. Palmerlee, 28 Minn. 450, 10 N. W. 773; Hatch v. Coddington, 32 Minn. 92, 19 N. W. 393; Thomas v. Joslin, 36 Minn. 1, 29 N. W. 344, 1 Am. St. 624.

The Thomas case comes near to being decisive of this case. It holds that a judgment on the merits in defendant's favor in an action for the specific performance of a contract is a bar to another action to reform the contract and enforce it as reformed. The scope of the decision was limited in Spurr v. Home Ins. Co. 40 Minn. 424, 42 N. W. 206, to actions which had proceeded to judgment on the merits. It has not been limited in any other respects by later decisions. The doctrine it enunciates has the sanction of other courts and of textwriters. Washburn v. Great Western Ins. Co. 114 Mass. 175, opinion by Gray, C. J.; Steinbach v. Relief Fire Ins. Co. 77 N. Y. 498, 33 Am. Rep. 655;

Thomas v. United Firemen's Ins. Co. of Philadelphia, 108 Ill. App. 278; 1 Freeman, Judg. p. 463; 2 Black, Judg. p. 961; Warvelle, Vend. & Pur. p. 948.

But, if the facts in the present case do not bring it within the scope of the doctrine, they clearly bring it within the rule expressed in White v. Hewitt, 119 Minn. 340, 138 N. W. 421. The answer in the original action put in issue defendant's liability, based on the obligation which the law attaches to the indorsement of a negotiable instrument in blank, and distinctly informed plaintiff that defendant claimed he had an express agreement with him that he should indorse the note only for the purpose of transferring it and should not be liable at all for its payment.

The trial court found that the note was taken in part payment for goods sold and that the indorsement operated only as an assignment. Under proper pleadings, which not only permitted but required the litigation of the very issue in the instant case, the court found in effect that the agreement now alleged was never made. The present case hinges upon the existence of the agreement. Whether its existence was or was not litigated in the former action is not important. It might have been, or rather should have been, if the issues made by the pleadings were followed up with proper evidence. It would be going over the same ground a second time to try the issues raised in the present action. The answer in the original action in substance asserted that there was an agreement that defendant should not be liable on his indorsement. The complaint in the present action asserts that there was an agreement that he should be liable. In the first instance liability is negatived by defendant; in the second, it is affirmed by the plaintiff. The bone of contention is the same in both instances.

There is an additional ground upon which the judgment may be sustained. Originally there were two appropriate remedies available to plaintiff. At his election, he could either sue on the contract evidenced by defendant's indorsement as it appeared on the instrument, or sue for a reformation of the contract. He elected to pursue the former course. He had full knowledge of all the facts surrounding the transaction with defendant. He must have been fully advised of the nature of the con-

tract. He believed that as a matter of law he could hold defendant upon it. He insisted that the instrument was negotiable and that by indorsing it defendant in effect bound himself to make payment. After defendant answered and pleaded as a defense an agreement with plaintiff that he should not be liable for payment, plaintiff elected to stand on his complaint without invoking equitable relief by way of reformation. He is bound by an election made under such circumstances. Pederson v. Christofferson, 97 Minn. 491, 106 N. W. 958, citing Thomas v. Joslin, supra.

Rossman v. Tilleny, 80 Minn. 160, 83 N. W. 42, 81 Am. St. 247, is not in point. There plaintiff sued on an express contract for services. He failed to prove performance and so was turned out of court. He then sued to recover the reasonable value of the services, and it was held that he was not estopped by the judgment in the former action; that two different causes of action were involved and- that the judgment in the first case merely determined that he had no right of action on the express contract. Here, the subject of the action is the same and so is the cause of action. In each case it was sought to charge defendant with the payment of the Joice note; in each it was claimed that liability arose from his indorsement; and in each he denied liability on the ground that it was agreed that he should make the indorsement only to transfer the paper and that plaintiff should look only to Joice for payment. The subject matter of both actions is the contract evidenced by defendant's indorsement of the Joice note. The cause of action in both was based on plaintiff's alleged right to receive payment from defendant on account of the indorsement. Plaintiff's primary right, defendant's duty and his breach thereof, are no different in either action, and hence the former judgment is a bar.

The learned trial court was clearly right in granting defendant's motion. The judgment is, therefore, affirmed.

QUINN, J., took no part.