ALGERNON S. WASHBURN *vs.* GREAT WESTERN INSURANCE
COMPANY.

One who files a bill in equity to reform a policy of insurance by striking out a clause of
warranty, and who afterwards brings an action at law upon the policy as written, alleging
compliance with the warranty, and after a trial upon that issue has judgment rendered
against him, has elected his remedy and waived his right to prosecute further his bill for
the reformation of the policy.

GRAY, C. J.   This is a bill in equity, filed December 28, 1868,
to reform a policy of marine insurance, (obtained upon a ship by
Alexander H. Howard in behalf of the plaintiff,) by striking out
a printed clause of warranty, "not to load more than her regis-
tered tonnage with coal" or certain other articles, as having been
left standing by mistake, contrary to the express agreement of
the parties, and without the knowledge of the plaintiff or his
agent.   The defendants on July 13, 1869, filed an answer to the
bill, alleging that the policy was in exact conformity with the
understanding and agreement of the parties.

At October term, 1869, the plaintiff brought an action at law
in the name of Howard upon the policy as issued, alleging that
he had complied with the warranty; to which the defendants an-
swered, admitting the contract to be as then alleged, but deny-
ing such compliance; and the case was continued from term to
term until April term, 1871, when a trial was had and a ver-
dict returned for the defendants, and exceptions were taken,
which were argued before the full court in March, 1872, and over-
ruled.   See *Howard* v. *Great Western Insurance Co.* 109 Mass. 384.

In April, 1873, no replication having been filed in the suit in
equity, the defendants, by leave of court, filed a supplemental
answer, setting up the proceedings in the action at law, and
moved to dismiss the bill; the plaintiff admitted the truth of the
facts thus stated; and the question of their effect, without regard
to the manner in which they were pleaded, was reserved for the
determination of the full court.

We are of opinion that the plaintiff, by bringing an action at
law upon the policy in its original form, and prosecuting that

action to trial, verdict and judgment upon the issue whether he had complied with the warranty contained therein, conclusively elected to consider it as expressing the true contract between himself and the insurance company, and to abandon any attempt to have it reformed in equity. His bill does not assert an equitable right which, although it could not have been secured to him in the action at law, might coëxist with the right asserted by him in that action; but proceeds on grounds wholly inconsistent with those maintained by him in the action at law, and seeks to show that his contract with the defendants was essentially different from that which he alleged, and submitted to the final judgment of the court, in that action. If the actual contract was as alleged in the bill in equity, the issue tried at law was but a moot question, having no bearing upon the rights of the parties.

The case falls within the principle of the decision in *Sanger* v. *Wood*, 3 Johns. Ch. 416. There the plaintiffs sued the defendant at law upon a contract, and obtained a verdict and judgment for the amount claimed, and then filed a bill to rescind the contract upon the ground of fraudulent acts of the defendant at the time it was made. But, as it appeared that these acts were known to the plaintiffs some days before the trial of the action at law, it was held that, by going to trial and judgment therein, they had made a conclusive election of remedy, and had waived any right to rescind the contract in equity ; and Chancellor Kent said: "The suit at law, and the action here, are inconsistent with each other, since the one affirms, and the other seeks to disaffirm, the contract in question." "Any decisive act of the party, with knowledge of his rights and of the fact, determines his election, in the case of conflicting and inconsistent remedies." See also *Thwing* v. *Great Western Ins. Co.* 111 Mass. 93, 110 ; *Connihan* v. *Thompson*, Ib. 270, 272. *Bill dismissed.*

*S. Bartlett*, for the plaintiff.

*C. M. Reed*, for the defendants.