WILLIAM T. JOHNSON, Collector,

*v.*

JAMES M. ROBERTS.

*Filed at Ottawa May 12, 1882.*

1. DEMURRER—*what it admits—its proper office.* A demurrer to a bill in chancery admits the truth of all facts properly pleaded, but not arguments or legal conclusions stated. Its office is to determine whether the facts as stated constitute grounds for equitable relief.

2. CHANCERY—*bill to enjoin collection of tax—as to wrongful assessment—pursuit of remedy elsewhere.* A bill in chancery to enjoin the collection of taxes on the ground of an illegal or wrongful assessment of personalty, which fails to show an equitable excuse for not seeking relief against the assessment before either the township board of review or the county board, is bad on demurrer.

3. A bill to enjoin the collection of a personal property tax on the complainant's engine, boiler, belting, etc., alleged that his personal property at his residence was assessed, and that he paid the tax extended on that, but failed to allege that he made and furnished a list of his personal property, or to claim that he gave in any property at his factory, where the property was as to the assessment of which complaint was made, but sought to avoid the tax on the ground the engine and boiler were a part of the realty owned

by him, without showing their value was considered in assessing the realty, or that the boiler and engine were twice assessed: *Held*, that the bill failed to show a case entitling the complainant to the relief sought.

4.  SAME—*as to tender of the portion of the tax properly levied.*  A bill seeking to enjoin the collection of a portion of a tax as illegal, is defective, even if it states grounds for relief, where it fails to aver a tender of the amount of the tax admitted to be legal.

5.  TAXATION—*what is personalty—for purposes of taxation.*  For the purposes of taxation, steam engines and boilers are required by the statute to be listed and assessed as personal property, and where the assessor assesses such property as personalty, it will be presumed it was not included in the valuation of the realty to which it is attached; and the legislature has the power to make any kind of property personalty for the purposes of taxation, though it is real estate by the common law, and for all other purposes.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the appellant:

The question is, has the legislature power to provide what property shall be called personal property, and what real, for the purposes of taxation.  The demurrer admits that the boilers and steam engines assessed would, as between the owner and his grantee, be real estate, but the admission reaches no further.  It does not admit, as a legal conclusion, that the Revenue law may not classify property at pleasure. The statute has required such property to be returned by the owner in his schedule as personal property.  Rev. Stat. chap. 120, sec. 25.

Taxation is an exercise of legislative power, and the legislature may direct the mode of assessing property.  *Porter* v. *Railroad Co.* 76 Ill. 573; Cooley on Taxation, 33.

Assessors act judicially in making assessments.  Const. 1870, art. 9, sec. 1; Burroughs on Taxation, sec. 102, p. 238; *Republic Life Ins. Co.* v. *Pollock*, 75 Ill. 294; *Porter* v. *Railroad Co.* 66 id. 594; *Ottawa Glass Co.* v. *McCaleb*, 81 id. 502; *Railroad Co.* v. *Siders*, 88 id. 327.

The town board of review alone had power to review the action of the assessor.  *Spencer* v. *People*, 68 Ill. 510; *Repub-*

*lic Life Ins. Co.* v. *Pollock,* 75 id. 294; *Adsit* v. *Lieb,* 76 id.
198; *Madison County* v. *Smith,* 95 id. 335; *People* v. *Big
Muddy Iron Co.* 89 id. 116.

Mr. JONAS HUTCHINSON, for the appellee:

The boiler and engine were assessed as a part of the realty
upon which appellee has paid the tax.   To pay again on
them as personalty is double taxation.   Cooley on Taxation,
165.

The law says a boiler and engine, situate as these are,
are a part of the realty.   The tax books so declare the law,
and this court has frequently so held.   *Jenney* v. *Jackson,* 6
Bradw. 32; *Thulman et al.* v. *Carr et al.* 75 Ill. 385.

The demurrer admits that the boiler and engine are real
estate, and this seems to us to be the end of the case.   There
is no exception to the rule in favor of the State.   The statute·
was never intended to require real estate to be assessed and
taxed as personalty.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill to enjoin the collection of a tax.   It alleges
that complainant resides in South Chicago; that he made no
return to the assessor of that town for the year 1880, but
was assessed for personal property at his residence, and paid
$21.14 thereon.   He alleges that he owns the half of two lots
situated in that town, upon which he paid a real estate tax
of $808.59, for the year 1880; that he was assessed on per-
sonal property, machinery on the lots, $1300, upon which a
tax was extended of $78.50; that the machinery did not
exceed $200 in value, consisting in belting, pulleys, etc.;
that the assessment included the engines and boilers in the
building, but they were not worth more than $300; that the
engines and boilers ·were ·permanently attached to and were
a part of the realty, and were not personalty; that they were
so attached as to constitute a part thereof, so far as the

owner of the fee is concerned, and that any real estate tax as aforesaid is as much a tax on the engines and boilers as on the land; that they were improperly assessed as personal property; that personal property did not exist on the lots; that therefore the tax, except on the personal property of the value not to exceed $100, is inequitable, unjust, oppressive and illegal, and prays for an injunction perpetually restraining the collection of all but the tax on $100 of valuation. A demurrer was filed to the bill. On a hearing the demurrer was overruled, and a perpetual injunction decreed to prevent the collection of the tax on the engines and boilers, except taxes on the $100 valuation. An appeal is prosecuted to reverse the decree.

The demurrer admitted all facts properly pleaded, but did not admit arguments or legal conclusions, and its office is to determine whether the facts as stated constitute grounds for granting equitable relief. The bill, even if it otherwise stated grounds for equitable relief, is defective in not averring a tender of the amount of the tax that is admitted to be legal. Again, no equitable excuse is shown for not appearing before the town board of review, under section 86 of the Revenue law, or to the county board, under the 97th section of the same act. These boards were invested with full power to relieve all persons applying to be relieved from grievances by improper assessment.

But if these objections were waived, does the bill allege facts in other respects sufficient to require the granting of the relief sought? It alleges that the personal property of appellee was assessed at his residence, and that he paid the tax extended on that. He does not allege or claim that he made and furnished a list of his taxable property to the assessor, nor does he claim that he gave in any personal property at his factory, whether the engine and boilers, or other personalty he admits to have been subject to taxation as such; nor does the bill allege that the engine and boilers were assessed

as a part of the real estate to which they were attached, nor that their value was in any manner considered in fixing the valuation of the real estate; nor does it allege that the engine and boilers were twice assessed, but it is alleged they were permanently attached to the real estate, and were, as to him, a part of the real estate; that the real estate was assessed, and he paid the tax assessed upon it, and draws the conclusion, from these premises, that therefore the engine and boilers were twice assessed, and he had already paid the tax on them. The conclusion does not logically follow from the premises. The 25th section of the Revenue law requires all persons to make out and deliver to the assessor a schedule of his or her personal property required to be listed for taxation. The form of the schedule is given in that section. The sixth item is: "Every steam engine, including boilers, and the value thereof." For the purposes of taxation these articles are made and required to be listed and valued as personal property, and it is made the duty of the owner to so return, and the assessor to so list and value them; and the assessor having no power to treat or value them as a part of the real estate, and having listed them as personal property, we must presume he did his duty.

But it is contended that all permanent fixtures become and are a part of the land, and pass with it; that the engine and boilers are such fixtures, and therefore the presumption is they were assessed and valued as a part of it. This is doubtless true at common law, and is true as between grantor and grantee, but for the purposes of taxation the legislature has changed the rule. It is, however, as we understand the argument of counsel, contended the legislature has no power to make such fixtures personal property. It is conceded that the legislature is invested with and may exercise all governmental power, unless restricted by the State constitution, or the power has been delegated to the general government, or the Federal constitution has prohibited its exercise. No

reason is perceived why the General Assembly, if so disposed, may not declare every species of property personal, and subject it to all of the incidents of personalty; or why it may not, for the purposes of taxation, require any portion of real estate, or any of its parts or accessories, to be listed, taxed, and sold for the payment of the taxes thereon, as personal property, and authorize the person purchasing to detach and remove the parts, whether it be standing trees, crops, or even windows or doors of houses or dwellings. The power no doubt exists, and the legislature is the sole judge of the necessity and expediency of its exercise. As appellee has totally failed to show any grounds for relief, the court below erred in overruling the demurrer, but should have sustained it and dismissed the bill.

The decree of the court below is reversed, and the cause remanded.

*Decree reversed.*