## John S. Thomas et al. v. United Firemen's Ins. Co. of Philadelphia.

1. CHANCERY PLEADING—*Demurrer Admits All Facts Well Pleaded.*—A demurrer admits all facts well pleaded, but does not admit arguments or legal conclusions contained in the bill.

2. INSURANCE—*Result of Electing to Bring Suit at Law upon a Policy.*—By electing to bring an action at law upon a policy in its original form and prosecuting that action to final judgment thereon, a plaintiff conclusively elects to regard the policy as the true contract with the insurance company, and thereby abandons any right he has to have it reformed in equity.

**Bill to Reform a Policy of Insurance.**—Error to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed June 13, 1903.

This is a suit by plaintiffs in error, who were complainants below, against the defendant below, to reverse a decree of the Circuit Court of Cook County dismissing the complainants' bill for want of equity.

The bill was filed to reform a policy of insurance and for a decree against the defendant to pay over to the complain-

ant Nathan B. Kaplan, as receiver, the amount of an insured loss suffered by complainant Thomas.

Plaintiffs in error contend that by the demurrer the defendant admits:

First. That it made a contract of insurance with the complainant Thomas.

Second. That the policy it actually issued and delivered to the complainant Thomas, was not in fact the contract made, but that by an error or mistake an important clause, namely, "other insurance permitted," was left out.

Third. That by reason of a loss occurring, a liability accrued upon the defendant to pay the complainant Thomas, or his representative, the amount of the policy, namely, $2,500.

Fourth. That such liability has never been paid or satisfied.

Fifth. That the complainant sought to enforce payment by bringing a suit at law in the United States Circuit Court for the Northern District of Illinois.

Sixth. That the issue tried in that suit was whether or not the defendant was estopped from setting up the clause of the policy against other insurance by reason of having notice and knowledge of other insurance upon the property insured at the time the policy was issued.

Seventh. That plaintiff recovered judgment on that issue, from which the defendant appealed to the Court of Appeals, where, on the first hearing, an opinion was rendered by that court, holding that no remedy at law existed because plaintiff could not avoid the express stipulation of the policy in that action. (United Firemen's Ins. Co. v. Thomas, 82 Fed. 406.)

Eighth. That a rehearing was granted by that court and a new opinion rendered leaving the issue raised by the pleading to be determined by proof. United Firemen's Ins. Co. v. Thomas, 92 Fed. 127.

Ninth. That on a re-trial in the Circuit Court judgment was directed for the defendant on the ground that oral testimony could not be introduced to change or modify the specific stipulations of the policy.

Tenth.    That after an appeal was taken by plaintiff upon that judgment to the Court of Appeals, the Supreme Court of the United States, in Northern Assurance Co. v. Grand View Bldg. Ass'n, 183 U. S. 308, held the same as the Court of Appeals in its first opinion, namely, that no action at law could be maintained on the policy in question.

Eleventh.    That it was owing to the Court of Appeals taking back its first opinion, granting a rehearing and rendering another opinion, that resulted in the judgment of the Circuit Court.    Had the Court of Appeals stood by its first decision there would have been no second trial and no judgment against the complainant Thomas.

Bulkley, Gray & More and William M. Jones, attorneys for plaintiffs in error.

Cunningham, Vogel & Cunningham, attorneys for defendant in error.

Mr. Presiding Justice Waterman delivered the opinion of the court.

The allegations of the bill, after stating the making of three policies of insurance each containing the clause " other insurance permitted," as to another policy, are " that by a mistake and oversight of the scrivener, not discovered by any of the parties," the policy of insurance issued by the defendant " omitted that clause; " that it was the agreement and intention of this complainant and of the defendant and its agents issuing the same, that this policy should be the same as the policies issued by the three other insurance companies and that it should contain the clause, " other insurance permitted."

A demurrer admits all facts well pleaded, but does not admit arguments or legal conclusions contained in the bill. Johnson v. Roberts, 102 Ill. 655.

From the bill it appears that with full knowledge of the facts the plaintiffs began suit in the United States Circuit Court upon the policy as written and delivered; that judgment for the plaintiffs in this action at law was rendered,

Thomas v. United Firemen's Ins. Co.

from which the defendant took an appeal with the result that after two hearings in the United States Court of Appeals the judgment of the Circuit Court was reversed and the cause remanded; that thereafter another trial was had and a judgment rendered for the defendant. That from this the defendant took an appeal which it afterward dismissed, leaving the judgment for the defendant of the United States Circuit Court in full force; that thereafter, more than eight years after the alleged loss, this bill to reform the policy was filed.

The bill sets forth the following as a part of the policy:

" No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

The validity of this clause is not disputed.

We do not regard the fact that, prior to the expiration of one year from the fire, a receiver for the insured was appointed by the Superior Court, and within a year a suit at law begun in the United States Circuit Court, as excepting the present suit from the operation of the condition of the policy as to the commencement of suit.

The plaintiffs, by electing to bring an action at law upon the policy in its original form and prosecuting that action to final judgment thereon, conclusively elected to regard the policy as the true contract with the insurance company, and thereby abandoned any right they might have had to have it reformed in equity. Washburn v. Great Western Ins. Co., 114 Mass. 175; Sanger v. Wood, 3 Johnson Ch. 417–421; Thwing v. Great Western Ins. Co., 111 Mass. 93–110; Carlyle v. Long, 5 Littell (Ky.), 167–170; Thomas v. Joslin, 36 Minn. 1; Am. & Eng. Ency. of Law, Vol. 15, p. 336; Wayman v. Cochrane, 35 Ill. 151.

The decree of the Circuit Court dismissing the bill is affirmed.