### Joseph A. Raycraft v. Carter H. Harrison et al.

1. EQUITY PLEADING—*What a Demurrer Admits.*—A demurrer admits all facts well pleaded, but does not admit arguments or legal conclusions contained in the bill.

2. EQUITY—*No Power to Enjoin the Exercise of Power Given to Municipal Corporations.*—A court of equity has no power to enjoin the exercise of the power given by law to the officers of a municipal corporation.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed June 17, 1903.

The bill alleges that complainant and 2,650 others are members of the Chicago police force; that they hold their positions by appointment, under and pursuant to the civil service law; that complainant and said other members are also members of a voluntary unincorporated association, known as the Policemen's Protective Association, composed of members of said police force, and that members of the Chicago police force holding the rank of patrolman, sergeant and lieutenant are eligible to membership in said association; that complainant and other members of said association have an inviolate right to hold their positions on the police force, and receive the salary thereof, and to be not removed therefrom except for a violation of their duty as police officers; that complainant files his bill in behalf of himself and all other members of said association, except such members as do not desire to become parties complainant; that the objects of said association are to discourage wrongdoing among the members of said police force, to afford an opportunity for social intercourse among the members of the police force when not on duty, and to give to faithful and obedient officers unjustly accused of offenses such support as they collectively may be able to give and such financial assistance as the relief committee of said association may deem necessary; that the objects of said association have been and are being carried out by the members of said association and that the complainant and other members of said association have received, and will continue to receive, great benefits from the said association, and the moral and social standing of all the members of said association have been greatly improved and elevated through said organization, and the right to continue as members of said association is a valuable civil right and personal privilege, and the benefits accruing to complainant and the other members by reason of their membership therein, are of great and estimable pecuniary value to complainant and said other members.

On January 15, 1902, Francis O'Neill, general superintendent of the police force of the city of Chicago, by and through the direction of said Harrison, as mayor as afore-

said, issued and caused to be promulgated a certain order, signed by said O'Neill, as such superintendent, which directed as follows:

"All members of the force are hereby notified that here-after no societies or organizations of policemen, except the 'Policemen's Benevolent Association,' will be permitted in this department. Membership in or connection with the 'Policemen's Protective Association,' so-called, or any similar institutions, will be considered as disobedience of orders and dealt with accordingly."

"Commanding officers are hereby instructed to strictly enforce this order within their respective jurisdictions.

FRANCIS O'NEILL,
General Superintendent of Police."

It is further alleged that said order, so issued and promulgated, is unreasonable, and deprives complainant and the other members of said association from valuable pecuniary benefits resulting from their membership in said association, and takes from said members their rights as citizens, and their rights to lawfully and peacefully assemble and hold communion and fellowship with each other, when not in the discharge of their duties as members of the police force. And that said order is unlawful and beyond the scope of the authority of said superintendent of police.

The bill prays for an injunction restraining and enjoining the defendants, or either of them, from attempting to enforce said general order No. 3, and from in any manner interfering with complainant and the other members of said Policemen's Protective Association, by reason of their continuing to be members of said association.

A general demurrer to the bill having been sustained it was dismissed for want of equity.

LANGWORTHY & RAYMOND, attorneys for appellant.

CHARLES M. WALKER, corporation counsel, and COLIN C. H. FYFFE, assistant corporation counsel, attorneys for appellees.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

The police force of the city of Chicago is a quasi-mili-

tary organization. No one is compelled to belong to it, but whosoever voluntarily engages in such service necessarily limits the right of action which, as a mere private citizen, and in no sense a public official, he would have.

The allegations in the bill that membership in such order is in no way inimical to the public interest or prejudicial to the discipline, proper conduct and control of the police force, as well as that preventing the complainant from being a member of the Policemen's Protective Association deprives him of material benefits and pecuniary advantage, are not admitted by the demurrer to the bill.

A demurrer admits all facts well pleaded, but does not admit arguments or legal conclusions contained in the bill. Johnson v. Roberts, 102 Ill. 655; Thomas v. United Firemen's Ins. Co., 108 Ill. App. 278.

A court of equity has no power to enjoin the exercise of the power given by law to the officers of a municipal corporation.

Appellant's remedy, if he shall be improperly suspended or removed, will be by an action at law. Sheridan v. Colvin, 78 Ill. 237; City of Chicago v. Wright, 69 Ill. 319; Delahanty v. Warner, 75 Ill. 185; Heffran v. Hutchins, 160 Ill. 550; Pom. Eq. Jurisprudence, section 1345.

The decree of the Circuit Court is affirmed.