LEAKSVILLE LIGHT AND POWER COMPANY v. GEORGIA CASUALTY COMPANY.

(Filed 27 April, 1927.)

**Election of Remedies—Conflicting Remedies—Principal and Surety—Insurance—Indemnity—Policies—Contracts—Actions at Law—Equity—Judgments—Estoppel.**

Where a party has elected to pursue a remedy at law, with knowledge of the facts, and is unsuccessful therein, he may not thereafter apply to a court of equity for the same relief, the remedies being directly opposed to each other, and where the insured under an indemnity bond against

liability for negligent injury to other than its employees has unsuccessfully pursued its remedy under its policy contract, he may not, after final judgment therein, maintain a suit to reform the same instrument and recover under the provisions of the contract as and when reformed.

APPEAL by plaintiff from *Oglesby, J.,* at November Term, 1926, of ROCKINGHAM.

Civil action to reform a contract of insurance and to recover upon it as, if, and when reformed.

On 24 May, 1921, the defendant, a Georgia corporation, issued to the plaintiff at Leaksville, N. C., a policy of insurance indemnifying the assured against claims for bodily injuries, etc., suffered by any one, not an employee of the plaintiff, by reason of the operation of its light and power plant. The policy provides that it "does not cover loss arising from injuries or death caused by any draft or any driving animal or any vehicle or by any person while in charge thereof."

While said policy was in force one John J. Robertson, not an employee of the plaintiff, was injured by the negligent operation of one of plaintiff's trucks, which was being driven along a public highway, loaded with electric-light poles intended for use in plaintiff's business.

Suit was brought by the said John J. Robertson against the plaintiff, and finally settled by compromise judgment for $5,000, agreed by all to be a fair settlement.

Thereafter the plaintiff brought suit against the defendant in the Superior Court of Rockingham County to recover the amount paid Robertson in settlement of his claim for personal injuries, the plaintiff contending that the policy covered the injury to Robertson, while the defendant contended that it did not. The facts not being in dispute, a jury trial was waived and the matter submitted to the court on facts agreed, among which appears the following:

"It is agreed between the plaintiff and defendant that the liability of the defendant and the right of the plaintiff to recover of it in this action depends upon the construction which the court shall give to the Contractors' Public Liability policy herein sued upon, a copy of which is hereto attached, marked Exhibit A, and made a part of this statement of facts."

Judgment was rendered in that case, holding that the policy did not cover the injuries sustained by Robertson. This was affirmed on appeal. *Power Co. v. Casualty Co.,* 188 N. C., 597.

Later the plaintiff instituted this action to reform the policy, alleging that it was intended to cover claims for injuries such as those sustained by Robertson, and seeks to recover upon the policy as thus reformed. The defendant pleads *res adjudicata* and estoppel by judgment, or estoppel by election of remedies made with full knowledge of the facts.

From a judgment on the pleadings in favor of defendant the plaintiff appeals, assigning errors.

*King, Sapp & King and Brooks, Parker, Smith & Hayes for plaintiff.*
*John N. Wilson for defendant.*

STACY, C. J., after stating the case: The appeal presents for the first time in this jurisdiction the single question as to whether a party, with full knowledge of his rights, who brings an action to recover on a policy of insurance as it is written, and loses in said action, may thereafter maintain a suit in equity to reform the contract and recover upon it as, if, and when reformed.

According to the clear weight of authority in other jurisdictions, where the question has been considered, the rule is that when a party brings an action at law to recover on a contract as written, and proceeds to trial, verdict and judgment in that suit, he cannot thereafter, while said judgment is still in force, institute proceedings in equity to reform the contract and recover upon it as reformed. It is generally held that one who elects to sue on an instrument as it is written, and fails in such suit, is bound by the election which he thus makes to stand by the contract, and he cannot thereafter maintain an action to reform the contract and recover upon it as reformed. The two remedies are inconsistent, since the one affirms and the other seeks to disaffirm the contract. *Royal Ins. Co. v. Stewart,* 190 Ind., 444; *Washburn v. Ins. Co.,* 114 Mass., 175; *Thwing v. Ins. Co.,* 111 Mass., 93; *Steinbach v. Ins. Co.,* 77 N. Y., 498; *Thomas v. Ins. Co.,* 108 Ill. App., 278; *Thomas v. Joslin,* 36 Minn., 1; 2 Black on Judgments, sec. 632; 2 Freeman on Judgments (5th), sec. 631; 9 R. C. L., 966.

"Any decisive act of the party, with knowledge of his rights and the fact, determines his election in the case of conflicting and inconsistent remedies. . . . There cannot be any doubt of the principle that equity will not relieve a party fully apprised of his rights and deliberately confirming a former act. The doctrine has been again and again declared." *Chancellor Kent* in *Sanger v. Wood,* 3 Johns., ch. 416.

Speaking to the identical question in *Royal Ins. Co. v. Stewart,* 190 Ind., 444, *Ewbank, J.,* in the course of an elaborate opinion, citing and distinguishing many of the cases dealing with the subject, said: "The general rule is that a party cannot assume successive positions in the course of a suit or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other or mutually contradictory. Thus a judgment on the merits in favor of the defendant in an action for specific performance of a contract for the sale of real estate will bar another action to reform the contract and to enforce

it as reformed. Where a party elects to sue upon a written contract as executed, and the action proceeds to trial and judgment, he cannot thereafter bring an action to reform the contract. 2 Black, Judgments, sec. 632. When a party has brought an action at law on a policy as written and has prosecuted it to judgment, and a judgment against him has been rendered thereon, he cannot subsequently bring proceedings in equity to reform the contract. Having elected to pursue his remedy by an action at law upon the policy as it was written, he thereby elects to treat it as embodying the contract, and cannot subsequently deny the fact."

The decision in *Northern Assurance Company v. Grandview Building Association,* 203 U. S., 106, strongly relied upon by plaintiff, as we understand it, is not at variance with, but in support of, the general trend of authorities on the subject. *Royal Ins. Co. v. Stewart, supra.*

As bearing generally upon the conclusiveness of judgments rendered in actions where the parties are fully apprised of their rights, see *Polson v. Strickland, ante,* 299; *Hardison v. Everett,* 192 N. C., 374; *Moore v. Edwards,* 192 N. C., 446; *Clothing Co. v. Hay,* 163 N. C., 495; *Coltrane v. Laughlin,* 157 N. C., 282; *Tyler v. Capehart,* 125 N. C., 64; *Grantham v. Kennedy,* 91 N. C., 151; *Gay v. Stancell,* 76 N. C., 372; *Armfield v. Moore,* 44 N. C., 157, at pp. 161 and 162.

The plaintiff knew when it brought its first action to recover on the policy as written, or was advised before entering upon the trial of said cause, that the defendant denied liability under the contract. It did not seek in that suit to amend its complaint and ask for a reformation of the contract, as it is now doing, but elected to stand upon the policy as executed and to stake all upon its right to recover thereunder.

The election made in that suit, therefore, estops the plaintiff from proceeding in the present action. The trial court committed no error in entering judgment to this effect.

Affirmed.