T. W. GRAY ET UX. v. T. W. MEWBORN, TRADING AS T. W. MEWBORN & CO. ET AL.

(Filed 12 October, 1927.)

**1. Equity—Suits—Actions—Parties—Mortgages—Priorities — Fraud — Mistake—Register of Deeds—Index.**

Equity will entertain a suit by the mortgagor to correct a mortgage which through fraud or mistake or the negligence of the register of deeds in cross-indexing has failed to give a priority of lien to one of several mortgagees entitled thereto, and the mortgagor is held to be a proper party plaintiff for the purposes of the suit. C. S., 446.

**2. Same—Pleadings—Demurrer.**

Where the mortgagor alleges sufficiently facts tending to prove that through fraud or mistake or error in the register of deeds failing to properly cross-index a mortgage, one of several of the mortgage lienors on the land has been wrongfully deprived of his priority of lien over another mortgagee, a demurrer to the complaint should not be sustained.

**3. Judgments—Estoppel—Res Judicata—Mortgages—Foreclosure—Liens —Equity.**

A mortgagor is not estopped by judgment in a foreclosure proceeding on his lands from setting up by independent suit the facts that through fraud or mistake, etc., another mortgagee of the same lands had been deprived of his priority of lien when in the proceedings to foreclose the matter was neither set up nor litigated.

APPEAL by defendants from *Sinclair, J.,* at May Term, 1927, of LENOIR.

Civil action to reform mortgage and deed of trust given to secure the same debt, so as to make said instruments conform to the real intention of the parties, and render them subsequent rather than prior liens to a mortgage of earlier date, but which was not properly cross-indexed until after the registration of these later instruments.

The material allegations of the complaint, so far as essential to a proper understanding of the legal questions involved, may be abridged and stated as follows:

1. On 21 December, 1920, the plaintiffs executed to T. W. Mewborn a mortgage on certain lands in Lenoir County, intending to make said mortgage subject to several prior mortgages on the same property, and in an endeavor to effectuate this understanding, Mewborn, who drew the instrument, inserted the following language in the warranty clause: "That the same are free from all encumbrance whatsoever except $2,130 to Hadley Gray, $204 to H. C. Wooten, $1,000 to Parham, Sugg and Herring on tract No. 1; and $1,800 to George W. Garris on tracts Nos. 2 and 3." This mortgage was duly registered 6 February, 1921.

2. The prior mortgage of $2,130, given to Hadley Gray, was executed 21 December, 1920, and registered immediately, but through error or inadvertence on the part of the register of deeds, it was not cross-indexed until such mistake was discovered in February, 1923.

3. During January, 1924, suit was brought in the Superior Court of Lenoir County to foreclose the mortgage of $204, given to H. C. Wooten. In this action it was adjudged that the Mewborn mortgage was entitled to take precedence over the Gray mortgage in the distribution of the surplus, because of the failure of the register of deeds properly to cross-index said mortgage at the time of its registration.

4. The plaintiffs filed no answer in the foreclosure proceeding and did not know that priority was to be given to the Mewborn mortgage over the Gray mortgage until the decree was entered in that cause.

5. This suit is brought by the mortgagors to have the Mewborn mortgage reformed and the judgment in the foreclosure proceeding modified so as to effectuate the intention of the parties by making the Mewborn mortgage subject to the Gray mortgage as well as other liens mentioned in the warranty clause above, to the end that the plaintiffs may deal justly and fairly with their respective creditors.

From a judgment overruling a demurrer, interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action, in that, it is asserted, (1) no equity is shown, and (2) plaintiffs are estopped by the judgment in the foreclosure proceeding, the defendants appeal, assigning error.

*Wallace & Pridgen and McLean & Stacy for plaintiffs.*
*Rouse & Rouse for defendants.*

STACY, C. J., after stating the case: The defendants, by their demurrer, admit, for the purpose of testing the sufficiency of the complaint *(Brick Co. v. Gentry,* 191 N. C., 636), that it was the intention of the parties, at the time of the execution and delivery of the Mewborn mortgage, to make it subject to other liens, including the Gray mortgage, and that, through fraud or mistake, reference to the prior encumbrances was inserted in the warranty clause rather than in the premises or habendum of said instrument, which was held to be insufficient in the foreclosure proceeding *(Quere? Hardy v. Abdallah,* 192 N. C., 45; *Hardy v. Fryer, post,* 420); and, further, that by reason of an error or inadvertence on the part of the register of deeds, the Gray mortgage was not properly cross-indexed at the time of its registration. *Clement v. Harrison,* 193 N. C., 825; *Bank v. Harrington, ibid.,* 625. The defendants, therefore, concede, for present purposes, that their claim of priority is bottomed on mutual mistake or fraud and error. Such a claim ought not to prevail. Equity will not deny to an honest debtor, who wishes to deal justly with his creditors, an opportunity to be heard in a matter of this kind. His interest is more than moral; it is legal. The contract was made with him. He is the real party in interest, and in no sense a volunteer. C. S., 446.

Pretermitting the question as to whether *res adjudicata* or estoppel may be pleaded, other than by answer *(Upton v. Ferebee,* 178 N. C., 194), we deem it sufficient to say that the gravamen of the plaintiffs' complaint was neither set up nor litigated in the foreclosure proceeding. *Crump v. Love,* 193 N. C., 464; *Polson v. Strickland, ibid.,* 300; *Holloway v. Durham,* 176 N. C., 550; *McKimmon v. Cault,* 170 N. C., 54; *Clarke v. Aldridge,* 162 N. C., 326; *Gillam v. Edmonson,* 154 N. C., 127. Hence, the authorities cited by appellants, *Wagon Co. v. Byrd,* 119 N. C., 462, and others, are not controlling on the allegations presently appearing of record.

The doctrine announced in *Power Co. v. Casualty Co.,* 193 N. C., 618, is not at variance with this position.

The demurrer was properly overruled.

Affirmed.