T. W. GRAY AND DORA GRAY, HIS WIFE, v. T. W. MEWBORN ET AL.

(Filed 20 March, 1929.)

**Reformation of Instruments — Grounds Therefor — Mutual Mistakes — Mortgages.**

> In a suit to reform mortgage on lands upon the mutual mistake that a properly indexed junior mortgage should be subject to a prior insufficiently registered one under agreement between respective parties: *Held*, reformation of the instrument upon the verdict of the jury is not error.

APPEAL by defendant, Mewborn, from *Grady, J.*, at November Term, 1928, of LENOIR. No error.

*F. E. Wallace, C. W. Pridgen, Jr., and McLean & Stacy for plaintiffs.*
*Rouse & Rouse for defendant.*

PER CURIAM. On 10 February, 1916, the plaintiffs.executed a mortgage to J. H. Parham and others to secure the sum of $204. The mortgage was registered on 12 February, 1916, and afterwards transferred to the defendant, R. H. Gray. On 25 February, 1919, the plaintiffs to secure the payment of $1,000 executed to Parham and others a mortgage which was registered 6 March, 1919. On 21 December, 1920, they executed to R. H. Gray a mortgage for $2,130, which was registered immediately, but was not cross-indexed until February, 1923. On 21 December, 1920, they gave a mortgage to the defendant, Mewborn, for $2,800, which was registered and cross-indexed on 6 February, 1921. The following is the warranty clause of the mortgage to Mewborn: "That the same are free from all encumbrances whatsoever except $2,130 to Hadley Gray; $204 to H. C. Wooten; $1,000 to Parham, Suggs and Herring, on tract No. 1; and $1,800 to George W. Garris on tracts No. 2 and No. 3."

On 1 March, 1922, the plaintiffs executed a deed of trust to R. E. Mewborn, trustee for T. W. Mewborn, to secure the debt for which the mortgage of 21 December, 1920, was executed. On 12 January, 1924, J. H. Parham and others brought suit against T. W. Gray to foreclose the mortgage for $204, to which judgment creditors and all the other mortgagees became parties. The land was sold by a commissioner, and in the application of the proceeds other claims were given priority over the Gray mortgage for the reason that this mortgage had not been properly indexed prior to the registration of the Mewborn mortgage. This action was instituted to reform the Mewborn mortgage and the deed of trust. A demurrer was filed and overruled. *Gray v. Mewborn,* 194 N. C., 348. Thereafter a trial was had and this verdict was returned:

1. Was it understood and agreed between T. W. Gray and T. W. Mewborn that the mortgage deed from Gray and wife to Mewborn, dated 21 December, 1920, should contain a clause or proviso that it should be junior in effect to the mortgage deed made by T. W. Gray and wife to R. H. Gray, dated 21 December, 1920, as alleged in the complaint? Answer: Yes.

2. If so, was such clause or proviso left out of said mortgage deed through the mutual mistake of the parties, as alleged in the complaint? Answer: Yes.

From a judgment for the plaintiffs the defendant, Mewborn, appealed.

There are four assignments of error. The first rests on an exception to the admission of negative testimony; the second and third on exceptions to the refusal to dismiss the action as in case of nonsuit; and the fourth on an exception to the judgment. None of these exceptions presents sufficient cause for granting a new trial.

No error.