LUMBER MUTUAL CASUALTY INSURANCE CO. OF NEW YORK v.
CLARENCE WELLS ET AL.

(Filed 31 October, 1945.)

**Declaratory Judgment Act § 5: Insurance § 50—**

> The propriety of invoking the provisions of the Uniform Declaratory Judgment Act, G. S., 1-253, *et seq.*, on plaintiff's policy of liability insurance issued to one of defendants, being without challenge on the record and defendants demanding a jury trial on issues raised by the pleadings, G. S., 1-261, the question, as to whether the automobile covered by the policy was being "used as a public or livery conveyance," within the meaning of the policy at the time of the accident and injuries, is such an issue of fact as should be determined by a jury, under proper instructions, where the pleadings are not so clear in respect to the facts as to render it determinable without the aid of a definite finding.

APPEAL by defendants from *Hamilton, Special Judge,* at June Term, 1945, of WAYNE.

Proceeding for declaratory judgment to determine rights of parties under policy of liability insurance.

On 12 October, 1943, the plaintiff issued to the defendant, Clarence Wells, a policy of liability insurance on his "Dodge Truck, panel-body delivery passenger type," for use "business—pleasure," to be in force a year. On 29 October, 1943, by "Correction Endorsement," the automobile was described as "a 1934 Dodge, panel-body delivery Sedan instead of as previously stated."

The policy contains a number of exclusions, the first being:

"This policy does not apply: (a) while the automobile is used as a public or livery conveyance, unless such use is specifically declared and described in this policy and premium charged therefor."

It is conceded that the policy covers the accident in question unless it come within exclusion "a." No extra premium was charged or paid for use of the vehicle "as a public or livery conveyance."

It is alleged that Clarence Wells converted his truck into a bus, which he used for transporting passengers for hire; that on 27 March, 1944, while so using his truck with nine (or more) passengers aboard, an accident occurred in which two of the passengers were killed and the others injured; that as a consequence suits have been, and others may be, instituted against the defendant and "if the defendant was covered by the policy herein referred to while operating said truck for hire, at the time of the accident referred to, it would be the duty of the plaintiff to defend the defendant in such litigation."

Wherefore, plaintiff asked for determination of the rights, status and legal relations of the parties under the policy in respect of the accident referred to in the complaint.

The defendant answered, alleged that the change in the truck was made prior to the issuance of the policy and that plaintiff's agent had full knowledge of the facts and actually filled out the application, claimed coverage and asked for reformation, if need be, demanded a jury trial on the issues raised by the pleadings, and moved that the plaintiffs in the actions filed against him be made parties herein. The motion to bring in these outside claimants as interested parties was allowed. Later by amendment it was made to appear that they had become judgment creditors.

Thereafter, the plaintiff moved for judgment on the pleadings, adjudging no liability on its part for the injuries sustained in the accident of 27 March, 1944. This motion was allowed and judgment entered accordingly. Defendants appeal, assigning error.

*Langston, Allen & Taylor and A. J. Fletcher for plaintiff, appellee.*

*J. Faison Thomson, Rivers D. Johnson, and J. T. Flythe for defendants, appellants.*

STACY, C. J. The propriety of invoking the provisions of the Uniform Declaratory Judgment Act, G. S., Art. 26, under the circumstances here disclosed, is without challenge on the record. *Tryon v. Power Co.,* 222 N. C., 200, 22 S. E. (2d), 450; *Myers v. Ocean Accident & Guarantee Corp.,* 99 F. (2d), 485; *S. c.,* 22 Fed. Supp., 450. *Cf. Casualty Co. v. DeLozier,* 213 N. C., 334, 196 S. E., 318. The defendants have demanded a jury trial on the issues raised by the pleadings in accordance with G. S., 1-261, which provides that when an issue of fact is involved it may be determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.

We think the issue of exclusion, *i.e.,* whether the automobile was being "used as a public or livery conveyance" within the meaning of the policy at the time of the injury, is such an issue of fact herein as should be determined by a jury under proper instructions from the court. The plaintiff alleges exclusion from liability under this provision, and the defendants allege coverage of the injuries in question. Coverage is conceded unless the use of the vehicle at the time bring it within the exclusion. The pleadings are not so clear in respect of the facts as to render it determinable without the aid of a definite finding. *Gibbs v. Ins. Co.,* 224 N. C., 462, 31 S. E. (2d), 377; *Crowell v. Ins. Co.,* 169 N. C., 35, 85 S. E., 37.

On the question of reformation, see *Power Co. v. Casualty Co.*, 193 N. C., 618, 137 S. E., 817; Anno. 49 A. L. R., 1513.

Error and remanded.