**SCHMIDT et, Plaintiffs, v. WESTON et, Defendants.**

Common Pleas Court, Summit County.

No. 170016.   Decided April 19, 1950.

Lody Huml, Cleveland, for plaintiffs.
Buckingham, Doolittle & Burroughs, Akron, for defendants.

**OPINION**

By WATTERS, J.

The plaintiffs, John Schmidt and Mary Schmidt, bring this action to reform a written real estate purchase contract made with the defendants, Henry C. Weston and Mary H. Weston, and dated October 14, 1946.   Plaintiffs also ask damages for breach of the contract as reformed.

At the end of opening statements, the defendants moved for judgment on the theory that plaintiffs having prosecuted an action in this court' against the same defendants for specific performance of said contract, through this court, the Court of Appeals of this District, on a trial de nova, and to final judgment in the Supreme Court, where no reformation was asked, and where judgment in all the courts was against the plaintiffs, they are now estopped to ask reformation and damages, they having elected to sue on the contract as it was, and the matter is res adjudicata.

Attention is called to the full decision of this previous case in **150 Oh St, 293,** where the parties were identical.

There is no doubt in the court's mind that the plaintiffs originally could have asked reformation and specific performance, or they could have sued for reformation and damages for the breach of said contract as reformed. The courts hold that if specific performance cannot be granted for some reason, the court can grant damages.

However they did not do so, but elected to sue for specific performance on the contract as it was. No reformation was asked even in the Court of Appeals, where the matter was tried de nova. Through all the courts the plaintiffs relied specifically and fully on the contract as it was, and sought no reformation thereof.

In my opinion they are now estopped to seek reformation and damages for breach of the contract as reformed, having elected to sue on the contract as it was for specific performance.

In **Mitchell and Mitchell v. Aetna Insurance Company, 4 Ohio Nisi Prius, 386,** the court discusses this problem and cites many cases supporting the court's opinion. There, however, the court held that where plaintiff sued on the policy as it was, and then the case was reversed in the Court of Appeals, and sent back to the trial court for retrial, it was not too late then for the plaintiff to amend before the second trial in the trial court, so as to ask reformation of the policy. The court clearly indicated that if the suit had gone through to final judgment on the contract as it was, plaintiff could not thereafter ask reformation, but the matter being reversed and sent back for trial, it was not final judgment and that plaintiff could amend to ask reformation of the policy.

See Washburn v. Great Western Insurance Co., 114 Mass. 175. Steinbeck v. Relief Association, 12 (Hun) N. Y. 640, or 19 Sup. Ct. Rep. N. Y. page ——. (Same case)

These above cases are discussed in **4 Ohio Nisi Prius** above.

See also **1 Oh Ap 384, Lee v. Thoma,** and 10 O. C. C. (N. S.), 167, Zutterling v. Drake.

In this case the court said in the opinion—"Under the contract in this case plaintiff originally had two remedies for the enforcement of their rights against the defendant. One was an action on the contract for specific performance; the other was a suit at law for damages. **They could not assert both.**" (Emphasis by the court.)

The first syllabus reads "An election between remedies can be made but once, and where a plaintiff has chosen to ask for specific performance he can not subsequently maintain a suit for damages."

In the above case plaintiffs filed for specific performance, and later for damages. The specific performance suit was dismissed without prejudice while the damage suit was still pending. Later the specific performance suit was reinstated. The court held that was proper and plaintiff could maintain it as the real election was the filing of the original specific performance action.

In **1 Oh Ap, 384, Lee et al v. Thoma**, the syllabus reads as follows:

"An action for specific performance is a bar to a subsequent action for damages alleged to have been sustained through failure of the defendant to carry out the contract which forms the basis of the first suit."

This case cites with approval 10 C. C. (N. S.) 167 discussed above.

Steinbeck v. Insurance Company, 12 (Hun) N. Y. 640, was an action brought upon an insurance policy, apparently at law, which went to final judgment for the insurance company, defendant. Thereafter plaintiff filed suit to reform the policy in equity. The court said:

"Having sued upon the contract in its present form, and produced and proved the contract, as the contract between the parties, in a court of competent jurisdiction, by which a final judgment has been pronounced against his right to recover, he is is debarred from showing in a new suit, in a court of equity, that the contract actually made between the parties was different from the written one sued upon and proved in the former action."

To the same effect see Washburn v. The Great Western Insurance Company. This was a suit in equity to reform a

policy. The court held in substance that the former action tried and judgment at law against the plaintiff, who sued on the policy, was a bar to the suit in equity to reform, and that plaintiff had conclusively elected to consider the policy as expressing the true contract between the parties.

The court feels that plaintiff cannot now seek reformation and damages for breach after having elected to pursue their remedy for specific performance on the contract in its present form through all the courts.

The motion will be sustained and judgment entry drawn. accordingly with exceptions to plaintiffs.