Zimmerman, J.
Section 2721.13, Revised Code, a part of the Ohio Declaratory Judgments Act, provides:
“Sections 2721.01 to 272L15, inclusive, of the Revised Code are remedial, and shall be liberally construed and administered.”
This court has spoken to the same effect in a number of cases. See Walker v. Walker, 132 Ohio St., 137, 5 N. E. (2d), 405; Radaszewski v. Keating, Exrx., 141 Ohio St., 489, 49 N. E. (2d), 167; Ohio Farmers Ins. Co. v. Heisel, 143 Ohio St., 519, 56 N. E. (2d), 151; Coshocton Real Estate Co. v. Smith, 147 Ohio St., 45, 67 N. E. (2d), 904; and Sessions, Trustee, v. Skelton, 163 Ohio St., 409, 127 N. E. (2d), 378.
Section 2721.02, Revised Code, authorizes courts of record to “declare rights, status, and other legal relations.” Such a declaration may be either affirmative or negative in form and effect and constitutes a final judgment or decree.
As it relates to the pending action, Section 2721.03, Revised Code, recites:
“Any person interested under a * * * contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a * * * contract, * * * may have determined any question of construction or validity arising under such * * * contract * * * and obtain a declaration of rights, status, or other legal relations thereunder.”
That the Declaratory Judgments Act contemplates cases *213 with factual issues which may be tried to a jury is evidenced by Section 2721.10, Revised Code, which reads:
“When a proceeding under Sections 2721.01 to 2721.15, inclusive, of the Revised Code, involves the determination of an issue of fact, such issue may be tried and determined in tlie same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.”
The use of the declaratory judgment action to establish whether there was coverage under the provisions of a liability insurance policy has often been resorted to by insurers in recent years. In many instances this type of action will determine in advance the advisability of instituting or continuing the prosecution of negligence actions against the insured or others which may come within the protection of the policy and often accomplishes the speedier and more economical disposition of cases of this kind and the avoidance of a multiplicity of actions. Consequently, the remedy should be applied liberally whenever the result will be to settle the controversy one way or the other. A primary purpose of the declaratory judgment action is to serve the useful end of disposing of uncertain or disputed obligations quickly and conclusively.
Surely, the construction of an insurance policy or some other written instrument is not all that is contemplated by the Declaratory Judgments Act; it goes further than that and may properly be invoked to obtain a declaration of rights, status or other legal relations which may require factual determinations. Thus, in the case of Maryland Casualty Co. v. United Corporation of Massachusetts (C. C. A. 1), 111 F. (2d), 443, it was held that the phrase, “rights and other legal relations,” as used in the federal Declaratory Judgments Act (Section 2201, Title 28, U. S. Code), is broad enough to authorize a declaration as to an insurance company’s nonliability under a motor vehicle liability policy because of noncoverage.
In the earlier case of Western Casualty & Surety Co. v. Beverforden (C. C. A. 8), 93 F. (2d), 166, it was held that, where an actual controversy existed between an automobile liability insurer and one injured by the operation of the insured automobile, the fact that the insurer could defend an action on the policy on the ground that the policy did not cover the operator *214 of the automobile when the injury occurred did not preclude the insurer from maintaining an action for a declaratory judgment that he was not liable in the circumstances involved.
Other cases are to the effect that an action for a declaratory judgment may properly be maintained by or against an insurer to fix nonliability or liability under a liability insurance policy, notwithstanding that factual determinations are necessary to make a declaration on that controlling issue. A few representative cases so holding are State Farm Mutual Automobile Ins. Co. v. Bonacci (C. C. A. 8), 111 F. (2d), 412; Reed v. Fidelity & Casualty Co. of New York, 254 Ala., 473, 48 So. (2d), 773; State Farm Mutual Auto Ins. Co. v. Skluzacek, 208 Minn., 443, 294 N. W., 413; Lumber Mutual Casualty Ins. Co. of New York v. Wells, 225 N. C., 547, 35 S. E. (2d), 631; and Trinity Universal Ins. Co. v. Willrich, 13 Wash. (2d), 263, 124 P. (2d), 950, 142 A. L. R., 1.
Moreover, it has been held in a number of cases that the pendency of an action or even the threat of an action affords a sufficient basis to permit an insurer to invoke declaratory-judgment statutes, where the object is to secure a determination as to the insurer’s obligation to defend an action or to pay a judgment which might be rendered in such action.
In the instant case it is alleged in the amended petition and admitted in the answer that claims have been asserted against the insurer on account of the death and injuries which resulted from the operation of the insured automobile.
We are, therefore, of the opinion that a justiciable controversy exists, and that the insurer is entitled to a declaration under the Declaratory Judgments Act, as prayed for, on a matter which affects “rights, status and other legal relations.”
Defendants John Louis Chames and John Louis Chames, administrator, rely, as no doubt did the lower courts, on the case of Ohio Farmers Ins. Co. v. Reisel, supra (143 Ohio St., 519), decided in 1944, wherein the third paragraph of the syllabus reads:
“An insurer may not obtain a declaratory judgment with reference to its insurance policy when no question of construction or validity thereof is raised.”
Since that case, the attitude of this court has broadened with respect to those matters which are properly the subject for *215 declaratory judgments. An example is the case of Travelers Indemnity Co. v. Cochrane, Jr., 155 Ohio St., 305, 98 N. E. (2d), 840, which brought within the scope and intendment of the Declaratory Judgments Act a controversy involving questions of fact between an insurer and its insured as to the extent of the coverage of an automobile liability insurance policy and the duties and obligations of the insurer thereunder. We think the principles enunciated in the latter case are appropriate here, and, where a determination of facts is necessary either to a finding as to the construction or validity of a contract or to a declaration of rights, status or other legal relations thereunder, such determination can be made in a declaratory judgment action.
Accordingly, the judgment of the Court of Appeals is reversed and the cause remanded to the trial court for further proceedings.

Judgment reversed.

Taft, Matthias, Bell, Herbert and Peck, JJ., concur.