JAMES B. DAY v. WILLIAM MOUNTIN and Another.[1]

May 15, 1903.

Nos. 13,463—(59).

### Dismissal of Action.

The plaintiff is not. entitled, as a matter of right, under G. S. 1894, § 5408, to dismiss the action after demurrer, and the due submission by both parties of the issues presented thereby to the court.

### Judgment of Dismissal.

A judgment of dismissal ordered by the court upon the merits is not an ordinary statutory dismissal, entered as a matter of right, but is a bar to further proceedings upon the facts set forth in the pleadings.

### Order.

Where, upon a hearing of a general demurrer to the complaint, after due submission of the issues therein, plaintiff sought to dismiss his action as a matter of right, and obtained an order therefor from the court, *held*, that such order was unauthorized, but a judgment entered thereon would be valid until vacated.

### Amendment of Judgment.

Where a judgment was erroneously entered, which would not be a bar to a new action, such judgment could not be amended by the court, against objections, so as to make it a dismissal upon the merits.

Appeal by plaintiff from a judgment of the district court for Blue Earth county, entered pursuant to an order, Cray, J., dismissing the action upon the merits. Reversed and remanded.

*W. A. Funk*, for appellant.

*H. L. & J. W. Schmitt* and *A. E. Clark*, for respondents.

LOVELY, J.

This action was brought to enforce the specific performance of a contract to convey lands. A demurrer was interposed by both defendants, which was heard by the court, and duly submitted for its decision. On the next day, plaintiff, by his attorney, entered a dismissal of the action as to both defendants by an entry thereof in the register of actions of the district court of the proper coun-

[1] Reported in 94 N. W. 887.

ty, to the effect that the action was dismissed without prejudice. On the same day plaintiff served upon counsel for defendants notice of such dismissal, and obtained from the court an order based thereon, which was as follows:

"On the foregoing notice, and proof of service of the same, let judgment of dismissal of said action be forthwith entered, with costs to the defendants."

Upon this order, judgment was entered, the material portion of which recites that the "action is hereby dismissed of record" as to the defendants therein, with costs, but does not state that it was without prejudice. Judgment was duly entered thereon. Some time afterwards the defendants obtained from the court an order upon the plaintiff to show cause why this judgment should not be so amended as to make the same a dismissal upon the merits. There was a hearing of this order upon affidavits, wherein plaintiff appeared and protested against the proposed amendment of the judgment. Upon this hearing the court directed that the original order of dismissal be amended so as to make it an order of dismissal upon the merits, and that a judgment for dismissal thereon be entered, whereupon the clerk of the court entered a judgment of dismissal of the action upon its merits. From such amended judgment, plaintiff appeals.

The sole question for us to determine is whether, upon the facts above set forth, the trial court had the authority to direct the entry of the amended judgment. We have no doubt there was a due submission of the issues of law raised by the demurrer, under the prescribed statutory definitions of a trial (G. S. 1894, § 5358); also, that the argument and submission by both parties of the demurrers deprived the plaintiff of the power to dismiss the cause of his own will and mere motion, as a matter of right (G. S. 1894, § 5408); St. Anthony Falls W. P. Co. v. King W. I. B. Co., 23 Minn. 186; Bettis v. Schreiber, 31 Minn. 329, 17 N. W. 863).

Hence the attempt of plaintiff to avail himself of the right to dismiss without the consent of the court or opposite parties was erroneous and unauthorized, but the court undoubtedly had the right to dismiss an action in a proper case. Therefore, a dismissal

being within the authority of the court, upon well-established grounds, its first judgment, although unauthorized and erroneous, was not invalid, but of efficacy, and entitled to control the rights of the parties so long as it remained a part of its records, for courts may err in reaching their conclusions, and there is no guaranty that any judgment will be strictly right, but, where there is jurisdiction, it is of force until set aside by the court who made it, or on review.

Hence, if the defendants were dissatisfied by the original unauthorized judgment, it was their privilege to move that it be vacated and set aside, and insist that the court fully pass upon and determine the issues of law submitted on the demurrers. The defendants, however, did not choose to pursue this course, but sought to have the judgment of dismissal, which had been secured by the plaintiff for his benefit, amended, and obtained the order for the amended judgment which was entered, adding to the previous judgment the material and important direction that it be dismissed upon the merits, whereby, against the opposition and protests of the plaintiff, he was barred forever from bringing an action upon the facts set forth in his complaint. Cameron v. Chicago, M. & St. P. Ry. Co., 51 Minn. 153, 53 N. W. 199.

We have had no difficulty in reaching the conclusion that the trial court did not have authority in this form to dispose of the plaintiff's substantial rights, and decide his cause of action against him by such a change of the judgment already obtained, without giving him the benefit of due process of law, which proceeds upon inquiry of the matter it adjudicates, after hearing on the merits of the issue upon which judgment is there rendered, for there was a hearing here only upon the original entry of dismissal, which did not call for the consideration of the question raised by the demurrers, and the rights of the parties therein submitted.

The amended judgment is reversed, and the cause remanded.