## T. E. HOOFNAGLE v. W. A. ALDEN.[1]

### March 11, 1927.

### No. 25,675.

**When judgment sustaining demurrer does not prevent plaintiff's bringing second action.**

1. The judgment entered upon an order sustaining a demurrer on the ground that the complaint failed to state facts sufficient to constitute a cause of action does not preclude the plaintiff from suing again if he states additional facts in the second complaint supplying the omission which made the first complaint demurrable.

**When final judgment in first action is bar to second action.**

2. When the complaint in the first action states facts sufficient to permit plaintiff to prove everything necessary to the establishment of

[1]Reported in 213 N. W. 53.

the cause of action pleaded in the second action, a final judgment on the merits in the first action is a bar to the maintenance of the second action.

**What is concluded by a former adjudication.**

3. A former adjudication is conclusive not only as to questions actually litigated, but as to all questions within the issues whether formally litigated or not.

One test by which to determine whether a given issue was presented in the former action is to ascertain whether the evidence necessary to sustain a judgment for the plaintiff in the second action would have authorized a judgment for him in the first action.

**Judgment on the merits, from which no appeal is taken, is conclusive.**

4. It is immaterial whether a wrong reason was given for the direction of the verdict in defendant's favor in the first action, or whether the judgment entered thereon was right or wrong, the judgment having been rendered on the merits and no appeal having been taken therefrom.

**The cause of action could not be split into several actions.**

5. A claim for damages caused by the destruction of leased property, due to the lessee's failure to exercise the degree of care required by the lease, and his inability to restore the property at the expiration of the term constitute one cause of action which cannot be split up into several suits.

Actions, 1 C. J. p. 1111 n. 1; p. 1116 n. 83.
Judgments, 34 C. J. p. 769 n. 12, 13; p. 800 n. 82; p. 804 n. 7; p. 805 n. 14; p. 902 n. 92; p. 930 n. 17.

Defendant appealed from an order of the district court for Hennepin county, Guilford, J., denying his motion for a new trial. Reversed.

*Grimes & Maxwell,* for appellant.
*Leonard, Street & Deinard,* for respondent.

LEES, C.

In October, 1923, the respondent and one Ledbetter commenced an action against appellant in the district court of Hennepin county,

which resulted in the entry of a judgment in appellant's favor. Respondent then commenced a second action and appellant pleaded the judgment in the former action as a bar.

The complaint in the first action set out three alleged causes of action. It stated certain facts common to all, viz: That plaintiffs owned real property in Cass county, used as a summer resort; that on April 9, 1923, they leased the property to the appellant for a term expiring December 1, 1923; that on September 3, 1923, a number of the buildings were destroyed by fire; that the lease contained a clause reading thus:

"It is agreed that the said second party will exercise due and proper care in the operation and care of said premises and buildings and the personal property, furnishings, furniture and fixtures leased and that he will surrender, deliver up and restore to said first parties at the termination of this lease, all of said property in as good condition as it now is, ordinary wear and tear and damage by the elements excepted."

In pleading the first cause of action, it was alleged that the appellant had been incapacitated from restoring the property to plaintiffs at the expiration of the term of the lease in the condition in which it was when he took it. A demurrer was interposed to this cause of action and sustained on the ground that the facts stated did not constitute a cause of action. The complaint was not amended and only the second and third causes of action were litigated on the merits.

In the second cause of action, after pleading the lease and the covenant above quoted, it was alleged that:

Appellant "wholly failed to exercise proper care in the operation and care of said premises and buildings and the personal property, furnishings, furniture and fixtures leased, in this, to-wit: That shortly after the said W. A. Alden took possession of said premises at the beginning of the term for which said premises were demised, the said W. A. Alden gave the said premises into the sole possession, custody and control of his son, one W. E. Alden, then and there well

knowing that the said W. E. Alden was not a fit and proper person to be given control of the said premises, and was not a reliable man, and then and there well knowing that the said W. E. Alden had incendiary tendencies and could not be trusted with the care and custody of said property; that thereafter the said W. A. Alden, defendant herein, failed to exercise any supervision or control of the said premises, but continued to entrust the said premises to his said son."

It was then alleged that appellant's son set fire to some of the buildings, which were destroyed with the equipment and furniture.

The third cause of action was for waste committed by setting fire to the buildings in the manner already stated.

Judgment for $50,000 was demanded on the several causes of action.

The complaint in the second action pleads the lease and the covenant therein above quoted, alleges that, without notice to respondent and without his knowledge, the appellant assigned the lease to W. E. Alden and Anna S. Alden, his wife, and gave them possession of the property, which they retained until September 3, 1923, when W. E. Alden set fire to the buildings; that by reason thereof appellant failed and neglected to surrender and restore the property to respondent at the termination of the lease as required by the covenant above quoted, to respondent's damage in the sum of $50,000.

After issue was joined, the parties stipulated that the plea of former adjudication should be tried by the court before the other issues raised by the pleadings were disposed of. That issue was accordingly submitted and determined in the first instance in appellant's favor. Thereupon respondent moved for amendments of the findings. The motion was granted and findings in respondent's favor substituted. Appellant then moved the court to strike them out and reinstate the original findings and, if that motion were denied, for a new trial. Both motions were denied. This appeal was taken from the order denying a new trial.

In pleading his first cause of action in the first suit, respondent did not allege that the buildings were destroyed by reason of the appellant's failure to exercise due care. Apparently a recovery was sought on the theory that appellant's inability to restore possession at the expiration of the term gave rise to a cause of action.

The order sustaining the demurrer merely determined that the facts alleged did not constitute a cause of action. It did not prevent respondent from amending the complaint and alleging, as he does now, that the destruction of the buildings was due to the fault of the appellant. Therefore the judgment is not a bar to a subsequent action in which the first cause of action is restated with additional facts which, considered together, constitute a good cause of action. This is so notwithstanding the general rule that a judgment upon the facts of an action, as presented in the complaint and confessed by a general demurrer, is upon the merits and is as effectual as a bar or estoppel as if there had been a verdict on the same facts. Dun. Dig. § 5183.

When we compare the allegations upon which the second cause of action was founded with the allegations of the complaint in the present action, we find this difference: In the first complaint it is alleged that appellant gave the buildings into the possession and control of W. E. Alden. In the second it is alleged that he assigned the lease to W. E. Alden and gave him possession of the property, coupled with an allegation of the self-evident proposition that by reason of the destruction of the buildings appellant could not and did not restore them to respondent when the lease terminated.

In pleading the second cause of action, the respondent stated facts sufficient to permit him to prove everything material to the establishment of the cause of action he pleads in his complaint in the second action, and it would seem that the judgment on the merits rendered in the first action is a bar to the present action.

But it is argued that the second cause of action sounded in tort, while the present action is brought to recover damages for breach of contract. If this be true and if respondent had a choice between a tort action and one on contract, and if, with full knowledge of all

the facts, he elected to bring a tort action, it is possible that under the doctrine of election of remedies he is now estopped from suing on the contract. Thomas v. Joslin, 36 Minn. 1, 29 N. W. 344, 1 Am. St. 624; Eder v. Fink, 147 Minn. 438, 441, 180 N. W. 542. But it is not necessary to consider that question, for it must be held that the complaints in both actions state facts intended to charge the appellant with a failure to exercise due and proper care of the property as required by the covenant in the lease, and with liability for damages which resulted in consequence.

The applicable law is well settled. A former adjudication is conclusive not only as to questions actually litigated, but as to all questions within the issues whether formally litigated or not. Dun. Dig. § 5163. In determining whether a given question was in issue, one test is to ascertain whether the evidence necessary to sustain a judgment for the plaintiff in the second action would have authorized a judgment for him in the first action. Driscoll v. Board of Co. Commrs. 161 Minn. 494, 201 N. W. 945.

The first suit was tried on the merits except as to the first cause of action. The court directed the jury to return a verdict in appellant's favor. Judgment was entered upon the verdict. The judgment determined that respondent could not recover upon his second cause of action.

The grounds upon which the court directed the verdict need not be considered. Assuming that a wrong reason was given for the ruling, the judgment is none the less a bar to a further prosecution of the same cause of action.

It is also immaterial whether the judgment was right or wrong. It was final, for respondent did not question it by an appeal. See Driscoll v. Board of Co. Commrs. supra.

The alleged failure to take proper care of the property and restore it at the expiration of the term constituted one cause of action which could not be split up into several suits, and the rule is applicable that a single cause of action, either ex contractu or ex delicto, cannot be divided and made the subject of several actions. Dun. Dig. § 5167.

We conclude that the trial court determined the case correctly in the first instance and that the order denying appellant's motion to set aside the amended findings or grant a new trial was erroneous.

The order is reversed.