# ANDREW ROST v. CHRISTINE KROKE AND OTHERS.[1]

August 9, 1935.

No. 30,437.

*Alexander Fosmark* and *W. E. Rowe,* for appellant.
*Oscar R. Knutson,* for respondents.

HILTON, JUSTICE.

Plaintiff appeals from a judgment dismissing his action with prejudice and with costs to the defendants. The dismissal was ordered on the ground that a judgment in a former action between these parties was a bar to the instant action.

In March, 1933, plaintiff instituted an action against these respondents and also against the Standard Oil Company, a corporation, to recover damages for personal injuries sustained in an explosion of a tar compound manufactured by the oil company and sold to plaintiff by respondents, hardware retailers. The explosion occurred when the tar compound came in contact with an "open flame" light while plaintiff and his son were spreading the compound upon the walls of a cistern they were repairing under the floor of a farm dwelling house. Respondents demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. Thereafter plaintiff caused to be served

[1]Reported in 262 N. W. 450.

an amended complaint, which was also demurred to by respondents upon the same ground. The amended complaint alleged, substantially, that the Standard Oil Company had manufactured and placed upon the market for general sale and use a tar product, designed and intended by it as a substitute for and to take the place of the ordinary tar product, which was intrinsically and inherently dangerous in that it was highly explosive in the ordinary use thereof; that the oil company carelessly, negligently, and unlawfully manufactured and placed its said tar product upon the general commercial retail market without a stamp, label, or warning upon the containers of such product to indicate the dangerous character thereof or that the same was likely to explode in the ordinary use thereof; that prior to June 4, 1931, the oil company sold to respondents several barrels of said tar compound; that respondents "knew, or but for the want of ordinary and reasonable care and diligence on their part, would have known of the intrinsic and inherent dangerous nature, character and tendency of said tar product to explode"; that on June 4, 1931, respondents carelessly, negligently, and unlawfully sold and delivered five gallons of said tar product to plaintiff and his son to be used by them in their work as contractors and builders and especially for coating the interior of a cistern, without giving them or either of them any notice, information, or warning as to the dangerous character thereof or of its high explosive tendency, etc. Then follow allegations with respect to the use by plaintiff of the tar product, its explosion, and injury to him.

The court sustained the demurrer and granted plaintiff 20 days' time within which to amend his complaint, "if so advised." In its memorandum the court cited and quoted from the case of McCrossin v. Noyes Bros. & Cutler, Inc. 143 Minn. 181, 184, 173 N. W. 566, 567, in which this court held that a vendor· of another's proprietary product was not "required to analyze or ascertain at his peril whether the same contain any dangerous or poisonous ingredients and give warning accordingly," and hence held [143 Minn. 183] that the complaint in that case was bad because of the alternative allegation that "defendant at the time of the sale and delivery of

said 'Roach Doom' did then and there know, or by reasonable care ought to have known, that the materials used in the manufacture of said 'Roach Doom' were dangerous * * *." The allegations in the amended complaint are practically the same as those in the McCrossin case, and, as therein stated [143 Minn. 185]: "If one be true, and is indispensable in stating a cause of action, and the other though true states no cause, they neutralize each other, and demurrer will lie." The trial court in sustaining the demurrer to the amended complaint stated in its memorandum: "That is exactly the situation here, hence the order is made sustaining the demurrer." That order was served upon opposing counsel. No appeal was taken therefrom, and judgment for costs was entered against plaintiff.

On October 28, 1933, the present action was commenced by plaintiff against respondents, who are the same defendants as those in the former action except that the Standard Oil Company was not named as a defendant. This action was instituted to enforce the same right as was the former, but the complaint alleged that plaintiff *ordered* tar from respondents and that they "negligently and carelessly sold and delivered to plaintiff five gallons of a tar compound which said defendants *knew* should be kept away from fire, heat and open flame lights and should not be dropped while contained in a container, and which facts the said defendants negligently and carelessly failed and neglected to inform this plaintiff, when said tar product was thus delivered to him." Respondents, answering separately, interposed as a defense the judgment and order of the court sustaining the demurrer to the amended complaint in the original action. The issue of former adjudication was stipulated to be tried before the other issues raised by the pleadings. The court made findings of fact and conclusions of law and ordered judgment dismissing the action on its merits, holding that the judgment in the former action was a bar to the instant one.

It is well settled that a judgment upon the facts presented in a complaint and confessed by demurrer is as effectual as a bar as if there had been a verdict on the same facts. Driscoll v. Bd. of Co. Commrs. of Ramsey Co. 161 Minn. 494, 201 N. W. 945; 3 Dunnell,

Minn. Dig. (2 ed.) § 5183. It is, however, "equally well settled, that, if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right; for the reason that the merits of the cause, as disclosed in the second declaration, were not heard and decided in the first action." Gould v. Evansville & C. R. Co. 91 U. S. 526, 534, 23 L. ed. 416. In Swanson v. G. N. Ry. Co. 73 Minn. 103, 107, 75 N. W. 1033, 1034, this court, after citing the Gould case and quoting therefrom, stated:

"The judgment entered after the former appeal merely pronounced the complaint therein involved insufficient, because a good cause of action was not stated. It determined that the case there presented by the pleading was without merit, and to that extent only was there any decision upon the controversy. The facts set out in the present complaint, and especially those which render it a sufficient pleading, have never been litigated or passed upon in any way; and 'it is therefore illogical and an abuse of terms to say that the judgment relied upon is a judgment upon the merits of the present case, and for that reason must operate as a bar.' "

Watson v. St. Paul City Ry. Co. 76 Minn. 358, 79 N. W. 308; Van Slyke v. Andrews, 146 Minn. 316, 178 N. W. 959, 12 A. L. R. 1068; Hoofnagle v. Alden, 170 Minn. 414, 418, 213 N. W. 53, 55. In the latter case it was stated:

"The order sustaining the demurrer merely determined that the facts alleged did not constitute a cause of action. It did not prevent respondent from amending the complaint and alleging, as he does now, that the destruction of the buildings was due to the fault of the appellant. Therefore the judgment is not a bar to a subsequent action in which the first cause of action is restated with additional facts which, considered together, constitute a good cause of action. This is so notwithstanding the general rule that a judgment upon the facts of an action, as presented in the complaint and confessed by a general demurrer, is upon the merits and is as effectual as a bar or estoppel as if there had been a verdict on the same facts."

The facts confessed by the demurrer to the amended complaint in the first action were that respondents "knew, or but for the want of ordinary and reasonable care and diligence on their part, would have known of the intrinsic and inherent dangerous nature, character and tendency of said tar product to explode." That confession amounted to nothing more than would an affirmative answer to a question put in the alternative. It did not confess that respondents "knew" that the tar product "should be kept away from fire, heat and open flame lights and should not be dropped while contained in a container," as alleged in the complaint now before us. The order sustaining the demurrer to the amended complaint determined nothing more than that respondents as vendors of another's proprietary product were not required to analyze or ascertain at their peril whether the tar product contained any dangerous substance and give warning accordingly, and that the amended complaint was defective because alleging in the alternative facts upon which a cause of action might be predicated and facts upon which a cause of action could not be based. Actual knowledge on the part of respondents of the dangerous nature of the product and failure adequately to warn thereof would give rise to a good cause of action. McCrossin v. Noyes Bros. & Cutler, Inc. 143 Minn. 181, 173 N. W. 566; Hasbrouck v. Armour & Co. 139 Wis. 357, 121 N. W. 157, 23 L.R.A. (N.S.) 876. That issue has never been litigated, and hence the judgment rendered pursuant to the order sustaining the demurrer to the amended complaint in the former action is not a bar to the instant action. Also, it is obvious from the statement in the memorandum of the judge (hereinbefore quoted) who heard the argument on the demurrer that he did not dispose of the case on its merits but simply sustained the demurrer, because, under the decision of the McCrossin case, the pleading was defective. Plaintiff could have again amended the complaint and corrected the defect, as he did in this complaint. We do not understand that he was required to do so in order to present the case on its merits to the court.

Having disposed of the case on the above ground, we need not consider whether the present action is for breach of contract rather

than tort, as was the original action, and, if so, whether or not it is barred if the original action was determined on the merits. It is probable that it would be barred. Hoofnagle v. Alden, 170 Minn. 414, 213 N. W. 53.

Reversed.

Julius J. Olson, Justice, took no part.