H. CHRISTIANSEN & SONS, INC. v. CITY OF DULUTH.[1]

February 20, 1948.

No. 34,538.

---

*Harry E. Weinberg,* City Attorney, and *Harry T. Lathrop,* Assistant City Attorney, for appellant.

*Lewis, Hammer & Heaney,* for respondent.

THOMAS GALLAGHER, Justice.

Action to recover for damages to plaintiff's property and business alleged to have been caused by defendant's negligence. Defendant interposed a general demurrer to the complaint. On September 12, 1944, the trial court sustained the demurrer, but granted plaintiff 30 days within which to file an amended complaint. No amended complaint was thereafter served or filed.

On November 1, 1944, plaintiff served and filed a dismissal of the action without prejudice and on the same date commenced action in the United States district court for Minnesota against defendant for the same damages, but alleging violation of 33 USCA, §§ 407, 409, as the basis for its action there. Upon the trial thereof, the jury returned a verdict for plaintiff. Defendant thereupon moved for judgment notwithstanding the verdict or for a new trial, and upon such motion the United States district court dismissed plaintiff's cause. Subsequently, the United States circuit court of appeals for the eighth 'circuit affirmed the district court's action in this respect. H. Christiansen & Sons, Inc. v. City of Duluth (8 Cir.) 154 F. (2d) 205.

Thereafter, on or about August 6, 1946, plaintiff commenced another action in the state court again seeking recovery from defendant for the same damages. H. Christiansen & Sons, Inc. v. City of Duluth (No. 34,539), 225 Minn. 475, 31 N. W. (2d) 270. On August 13, 1946, defendant served upon plaintiff notice of the court's order of September 12, 1944, sustaining the general demurrer in the instant case. On December 12, 1946, defendant moved the court for an order directing the clerk to enter a judgment of dismissal in this action based on the order sustaining the demurrer. At the same time, plaintiff moved for an order dismissing the action without prejudice as of November 1, 1944, or, in the alternative, for an order permitting it to file an amended complaint. On January 13, 1947, upon such motions, the trial court made an order dis-

missing this action without prejudice to plaintiff. On February 20, 1947, upon motion of defendant and order of the trial court, judgment of dismissal without prejudice to plaintiff was entered in accordance with the order of January 13, 1947. Defendant appeals from the judgment thus entered.

On appeal, defendant presents three questions for determination:

(1) Did the submission of the issues of law on general demurrer have the effect of a trial, within the meaning of M. S. A. 546.01?

(2) Did the plaintiff have the right to dismiss this action without prejudice, on its own motion, after the general demurrer had been sustained by the trial court?

(3) Did the trial court have authority to dismiss the action on the merits and without prejudice subsequent to its order sustaining the general demurrer, and the elapse of time within which plaintiff was granted the right to file an amended complaint?

Prior to the submission of the issues on appeal, plaintiff moved this court that the appeal be dismissed on the ground that the judgment of dismissal from which the appeal was taken, not being adverse to defendant, was not appealable.

M. S. A. 546.39 sets forth the occasions when an action may be dismissed without prejudice, as follows:

"(1) By the plaintiff at any time before the trial begins, if a provisional remedy has not been allowed, or a counter-claim made or other affirmative relief demanded in the answer; * * *

"(2) By either party, with the written consent of the other, or by the court upon the application of either party after notice to the other and sufficient cause shown, at any time before trial;

"(3) By the court where, upon the trial and before the final submission of the case, the plaintiff abandons it, or fails to substantiate or establish his cause of action or right to recover;

"(4) By the court when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal;

"(5) By the court on the application of some of the defendants, when there are others whom the plaintiff fails to prosecute with diligence."

Section 546.01 defines *trial* as follows:

"Issues, either of law or of fact, arise upon the pleadings, whenever a fact or *conclusion of law* is maintained by one party and controverted by the other. A trial is the judicial examination of such issues between the parties." (Italics supplied.)

Section 546.02 states in part:

"An issue of law arises upon a demurrer to the complaint, answer, or reply."

In Day v. Mountin, 89 Minn. 297, 94 N. W. 887, we held that the interposition of a general demurrer to a complaint and a hearing and order thereon constituted a submission and determination of the issues entitling the prevailing party to judgment in accordance with the order. Therein we stated (89 Minn. 298, 94 N. W. 887):

"* * * We have no doubt there was a due submission of the issues of law raised by the demurrer, under the prescribed statutory definitions of a trial * * *; also, that the argument and submission by both parties of the demurrers deprived the plaintiff of the power to dismiss the cause of his own will and mere motion, as a matter of right * * *.

"Hence the attempt of plaintiff to avail himself of the right to dismiss without the consent of the court or opposite parties was erroneous and unauthorized, * * *.

\* \* \* \* \*

"We have had no difficulty in reaching the conclusion that the trial court did not have authority in this form to dispose of the plaintiff's substantial rights [on defendant's motion, court had modified its original order], and decide his cause of action against him by such a change of the judgment already obtained, without giving him the benefit of due process of law, * * *."

From the foregoing, it is clear in the instant case that issues of law arose upon the general demurrer interposed by defendant; that a judicial examination thereof was made at the time of the argument thereon; that their judicial determination followed when the court made its order sustaining the demurrer, and that, in the absence of appeal, such determination became final when plaintiff permitted the 30 days within which it had been authorized to file an amended complaint to elapse.

Thereafter, under § 546.39, plaintiff did not possess the power to dismiss the action of its own will as a matter of right. Likewise the court, under the motion submitted, did not possess the right to dismiss without prejudice. In the absence of a. stay, appeal, or court order vacating the prior order sustaining the demurrer, defendant was entitled to a judgment of dismissal on the merits following expiration of the 30-day period in which plaintiff was authorized to file his amended complaint, and the trial court should have granted its motion for an order directing the clerk to enter such a judgment. See, Rost v. Kroke, 195 Minn. 219, 262 N. W. 450, 106 A. L. R. 434; Driscoll v. Bd. of Co. Commrs. 161 Minn. 494, 201 N. W. 945.

■ Judgment of dismissal on the merits based upon the trial court's order sustaining defendant's general demurrer of course does not constitute a bar to a subsequent action by plaintiff based upon a complaint for the same cause, but alleging facts which, alone or coupled with the facts previously alleged, set forth a valid cause of action. A judgment of dismissal upon a demurrer in instances where plaintiff has mistaken his remedy or where a statement of facts has been alleged in a new complaint which, standing alone or joined with additional allegations, gives rise to a good cause of action, does not constitute a bar to such new action founded upon the proper remedy or supported and sustained by the new facts alleged. See, West v. Hennessey, 58 Minn. 133, 59 N. W. 984; Swanson v. G. N. Ry. Co. 73 Minn. 103, 75 N. W. 1033; Watson v. St. Paul City Ry. Co. 76 Minn. 358, 79 N. W. 308; State ex rel. City of Breckenridge v. District Court, 136 Minn. 151, 161 N. W. 388, 13

A. L. R. 1097; Hoofnagle v. Alden, 170 Minn. 414, 213 N. W. 53; Rost v. Kroke, 195 Minn. 219, 262 N. W. 450, 106 A. L. R. 434, *supra.* As stated in Hoofnagle v. Alden, 170 Minn. 418, 213 N. W. 55:

"The order sustaining the demurrer merely determined that the facts alleged did not constitute a cause of action. It did not prevent respondent from amending the complaint and alleging, as he does now [in a new cause of action], that the destruction of the buildings was due to the fault of the appellant. Therefore the judgment is not a bar to a subsequent action in which the first cause of action is restated with additional facts which, considered together, constitute a good cause of action. This is so notwithstanding the general rule that a judgment upon the facts of an action, as presented in the complaint and confessed by a general demurrer, is upon the merits and is as effectual as a bar or estoppel as if there had been a verdict on the same facts."

In this appeal we are not concerned with the merits of the complaint which followed dismissal of this action. Whether it constitutes a separate and distinct cause of action from that covered in the first complaint, or whether it is merely a repetition of the same allegations so as to be barred by defendant's judgment of dismissal is not before us at this time.

■ Plaintiff asserts that, because the original order sustaining the demurrer granted plaintiff leave to file an amended complaint, the judgment entered pursuant to the trial court's order sustaining the demurrer was not a final determination of the issues then submitted, and hence was not appealable. With this we do not agree.

We have frequently held that a judgment, to be appealable, must be a final determination of the rights of the parties in the action, but only in the sense of terminating the particular action. We have held that judgments of dismissal are appealable, as well as judgments on the merits. Thorp v. Lorenz, 34 Minn. 350, 25 N. W. 712; Van Vlissingen v. Oliver, 102 Minn. 237, 113 N. W. 383. We have held that a party may cause judgment to be entered against himself under the rules of court, and appeal therefrom. Thorp v.

Lorenz, *supra;* Rase v. M. St. P. & S. S. M. Ry. Co. 116 Minn. 414, 133 N. W. 986.

Here, upon the expiration of the 30-day period in which plaintiff might have filed an amended complaint, defendant was entitled to judgment of dismissal upon the merits. The present judgment deprived him of this right and is final, insofar as the present action is concerned. By virtue thereof, defendant's rights have been finally determined, and it is deprived of the right to plead the judgment of dismissal upon the merits as a bar to any new action plaintiff may bring based upon allegations substantially identical with those contained in the original complaint.

The judgment appealed from must be regarded as final in this respect, and plaintiff's motion to dismiss the appeal therefrom, because it is not final, must be denied.

Reversed with directions to enter judgment of dismissal on the merits.

